Mark C. Molumphy (168009)
mmolumphy@cpmlegal.com
Alexandra P. Summer (266485)
asummer@cpmlegal.com
COTCHETT PITRE & McCARTHY LLP
San Francisco Airport Office Ctr
840 Malcolm Road, Suite 200
Burlingame, CA  94010
T: 650.697.6000
F: 650.697.0577

Judith Sadler*
jsadler@holmesdiggs.com
Cynthia Diggs*
cdiggs@holmesdiggs.com
Rachel A. Smith*
rsmith@holmesdiggs.com
HOLMES, DIGGS, EAMES & SADLER
5300 Memorial Drive, Suite 900
Houston, TX 77007
T: 713.802.1777
F: 713.802.1779

Richard Mithoff*
rmithoff@mithofflaw.com
Janie Jordan*
jjordan@mithofflaw.com
MITHOFF LAW
One Allen Center - Penthouse
500 Dallas Street
Houston, TX 77002
T: 713.654.1122
F: 713.739.8085

Russell Post*
rpost@beckredden.com
BECK REDDEN
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
T: 713.951.3700
F: 713.951.3720

*Pro Hac Vice Application Pending

Attorneys for Plaintiff and Proposed Collective
Members

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KRAWCZYK, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTORY DISTRIBUTING ASSOCIATES, INC., and AT&T CORP.<br><br>Defendants. | Case No. _____<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FLSA<br><br>DEMAND FOR JURY TRIAL |

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FLSA**

# <u>TABLE OF CONTENTS</u>

**Page**

I.      PROCEDURAL HISTORY.................................................................................1

II.     JURISDICTION .............................................................................................3

III.    VENUE ........................................................................................................3

IV.     INTRADISTRICT ASSIGNMENT ...................................................................3

V.      PARTIES ......................................................................................................3

VI.     FACTUAL ALLEGATIONS ............................................................................4

VII.    COLLECTIVE ACTION ALLEGATIONS .........................................................8

VIII.   CLAIM FOR RELIEF .....................................................................................9

        FAIR LABOR STANDARDS ACT ...................................................................9

IX.     PRAYER .......................................................................................................10

X.      JURY DEMAND .............................................................................................11

1.      This is a collective action brought by Plaintiff James Krawczyk ("Plaintiff"), on behalf of himself and all others similarly situated.  Plaintiff and those similarly situated are or were employed by Directory Distributing Associates, Inc., AT&T Corporation and various AT&T Corporation divisions and affiliates, and were denied proper compensation as required by federal wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      Defendants hired Plaintiff, and those similarly situated, to deliver AT&T telephone directories.  Defendants misclassified Plaintiff, and those similarly situated, as independent contractors.  By using this misclassification, Defendants failed and/or refused to pay Plaintiff, and those similarly situated, for all hours worked.  Defendants further failed and/or refused to pay Plaintiff, and those similarly situated, for all hours worked in excess of forty hours in a work week.

3.      Employers must compensate employees for all work that employers permit employees to perform.  *See* 29 C.F.R. §785.11.  It is the responsibility of the employers' management to ensure that work is not performed if management does not desire such work to be performed.  *See* 29 C.F.R. §785.13.  Employers may not accept the benefits of employees performing work without compensating the employees for their work.  *Id.*

4.      The overtime requirements of the FLSA serve the purposes of compensating employees who work overtime and spreading out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours.

## I.      PROCEDURAL HISTORY

5.      This case began in the District Court of Texas in Houston, Texas before the Honorable Dan Hinde, Cause No. 2011-50578.   After reviewing the parties' pleadings and hearing oral argument, on November 26, 2012, Judge Hinde, as permitted by 29 U.S.C. §216(b), conditionally certified *a nationwide collective action* of workers hired by Defendants to deliver telephone directories and who were paid as independent contractors any time during the period between June 25, 2009, and December 21, 2012.

6.      Defendant Directory Distributing Associates was ordered to produce to Plaintiff's counsel a list with contact information of all individuals who were paid as independent contractors and who were hired to deliver AT&T telephone directories during the period between June 25, 2009 and the present.

7.      On December 21, 2012, Judge Hinde approved the Collective Action Notice to be sent to those identified workers.

8.      On January 11, 2013, Judge Hinde ordered that the Collective Action Notice be sent to potential opt-in class members no later than January 25, 2013.  The identified workers had until March 29, 2013 to return their consent forms to participate in the collective action.

9.      Following the opt-in period, on May 3, 2013, Defendants filed a motion to dismiss the "non-Texas plaintiffs," who were identified as those who did not live or work in the state of Texas.  This motion was based on the Texas venue statute that applies to multi-party litigation; there is no analogous federal statute.

10.      On August 16, 2013, Judge Hinde granted Defendants' motion to dismiss the non-Texas plaintiffs who did not meet the Texas venue statute requirements.

11.      On September 19, 2013, Judge Hinde suspended the enforcement of the Order of Dismissal "for the duration of any appeals regarding the Order."  *See* Exhibit 1, attached hereto.

12.      The non-Texas plaintiffs appealed the District Court's decision to the appropriate state appellate court.  On February 26, 2015, the Fourteenth Court of Appeals in Houston, Texas, affirmed the District Court.  The non-Texas plaintiffs further appealed to the Texas Supreme Court.

13.      The Texas Supreme Court sought briefing on the issue, but ultimately denied review of the decision on April 1, 2016.  Under the Texas Rules of Appellate Procedure, the final mandate is scheduled to be issued on or after May 13, 2016, at which time the judgment of the appellate court will become final on appeal.

14.      In light of the refusal of the Texas Supreme Court to review the decision, the non-Texas plaintiffs now file this Collective Action in the U.S. District Court for the Northern District of California.

## II.    JURISDICTION

15.    This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and §216(b) of the Fair Labor Standard Act, 29 U.S.C. 216(b).  The amount in controversy exceeds this court's minimum jurisdictional requirements.  Plaintiff Krawczyk filed his signed consent to join this lawsuit prior to the dismissal of the non-Texas plaintiffs, which consent is attached hereto as <u>Exhibit 2</u> and as part of <u>Exhibit 3</u>.  Plaintiff Krawczyk reaffirms his consent to participate in this action.  Additionally, Plaintiff Krawczyk's consent reaffirming his participation in this action is attached as <u>Exhibit 2</u>.

16.    This action is timely filed as the order dismissing the non-Texas plaintiffs was suspended for the duration of any appeals regarding the Order of dismissal and the final order denying the non-Texas plaintiff's appeal has yet to issue.  *See* <u>Exhibit 1</u>, attached hereto. Moreover, the U.S. Supreme Court has long recognized that when a federal complaint is filed in state court and dismissed for improper venue, "the limitation provision is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal."  *Burnett v. New York Central R. Co.,* 380 U.S. 424, 434-35 (1965).

## III.    VENUE

17.    Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

## IV.    INTRADISTRICT ASSIGNMENT

18.    A substantial part of the events or omissions that give rise to the claims occurred in counties in the San Francisco and Oakland Divisions, and therefore this action is properly assigned to either the San Francisco or Oakland Division.  *See N.D. Cal. Local Rule 3-2(c),(d) & (e).*

## V.    PARTIES

19.    Plaintiff, James Krawczyk, is an individual hired by defendants to deliver telephone directories.  Krawczyk delivered AT&T telephone directories and was paid as

1  an independent contractor during the relevant time period.   He worked for Defendants

2  until February 2013.  Krawczyk currently resides in Westminster, California.

3       20.     Defendant, Directory Distributing Associates, Inc., a foreign corporation

4  organized and existing under the laws of the State of Missouri, whose principal office is located

5  at 1324 Clarkson Center 0310, Suite 348, Ellisville, Missouri, 63011, has done business in

6  California until at least 2013.  Pursuant to the California Corporations Code, Directory

7  Distributing Associates, Inc. may be served with process by and through the California Secretary

8  of State as well as at its last known agent for service of process, which is National Registered

9  Agents, Inc., located at 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017.  Directory

10  Distributing Associates, Inc. also may be served with process by and through its president, John

11  W. Runk, at its principal place of business and its Missouri Registered Office located at 825

12  Maryville Centre Drive, Suite 300, Town & Country, Missouri.

13       21.     Defendant, AT&T Corp., is a subsidiary of AT&T, Inc., a corporation that is

14  publically traded on the New York stock exchange, and authorized to do business in California.

15  AT&T Corp. may be served with process by serving its registered agent, CT Corporation

16  System, which is located at 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017.

17       22.     Upon information and belief, Defendant AT&T Corp. owns and manages AT&T

18  Advertising & Publishing, which is a wholly or majority owned division or subsidiary of AT&T

19  Corp.  AT&T Corp., at least for employment purposes, manages and controls AT&T Advertising

20  and Publishing and promulgates all business and personnel policies.

21              **VI.     FACTUAL ALLEGATIONS**

22       23.     Defendant Directory Distributing Associates, Inc. (hereinafter "DDA") is a

23  telephone directory distributor, whose primary business includes the hiring of delivery workers

24  to deliver AT&T telephone directories to AT&T's residential and business customers.  At all

25  relevant times, DDA contracted with and delivered telephone directories for and on behalf of

26  AT&T Corp. through its wholly owned subsidiary or division, AT&T Services, Inc., which acted

27  on behalf of AT&T Advertising and Publishing, also a wholly owned division or subsidiary of

28  AT&T Corp.  As such AT&T Corp., and its wholly owned divisions and subsidiaries AT&T

1  Services, Inc. and AT&T Advertising and Publishing, relied on, approved and benefited from the

2  policies and practices engaged in by DDA.

3       24.    Defendant DDA acted with the knowledge and consent and on behalf of

4  defendant AT&T Corp., its divisions, subsidiaries and affiliates.

5       25.    At all relevant times, Defendants hired individual workers, such as Plaintiff, to

6  deliver the AT&T telephone directories throughout the United States and Canada.

7       26.    Individual workers, such as Plaintiff, were required to execute agreements

8  classifying themselves as independent contractors.  These agreements were not subject to

9  negotiation by the individual workers.

10       27.    Defendants used identical or virtually identical "independent contractor

11  agreements" with each person hired.  The terms of the agreement are essentially the same for

12  each individual hired.

13       28.    Pursuant to these "independent contractor agreements," the individual workers,

14  such as Plaintiff, are/were paid a flat fee for the deliveries.  This flat fee was non-negotiable and

15  presented to the individual workers as a "take it or leave it" deal.

16       29.    Defendant AT&T Corp. knew or should have known that defendant DDA was

17  paying individual workers hired to deliver the telephone directories as independent contractors.

18  Defendant AT&T further knew that such individuals were paid a flat fee for the deliveries.

19       30.    Defendants required the individual workers, such as Plaintiff, to attend training

20  sessions prior to the start of their delivery duties.

21       31.    Defendants provided the individual workers with detailed instructions as to the

22  manner and method by which the deliveries must be made.

23       32.    Defendants instructed the individual workers that if a worker failed to follow the

24  instructions directly the worker would not be paid.

25       33.    Following the training video, Defendants required the individual workers, such as

26  Plaintiff, to have the telephone books loaded into the workers' personal vehicles.  Workers, such

27  as Plaintiff, waited for indefinite, extended periods of time to pick up telephone directories to

28  deliver to customers.

Law Offices
Cotchett, Pitre &
McCarthy, LLP

34. The individual workers, such as Plaintiff, were required to load and unload the telephone directories from their personal vehicles and place the directories in bags prior to making the deliveries.

35. Defendants refused to pay the individual workers, such as Plaintiff, for any of the time expended on any activities other than the actual delivery of the telephone books, although these activities were integral and necessary to the delivery of the telephone directories.

36. Defendant DDA internally pre-determined the amount of time the telephone deliveries on a particular route should take in order to make a profit from its contracts with defendant AT&T Corp.  Using this calculation, DDA formulated a flat amount it would pay for each delivery route.

37. Despite classifying the individual workers an independent contractors, Defendants required the individual workers to turn in forms that included information regarding the telephone deliveries, including listing the hours worked and miles driven so that the workers' time could be recorded.  Defendants would not pay the individual workers if the forms were not approved.

38. Defendants required individual workers to use GPS trackers and to click the tracker each time a telephone directory was delivered.

39. Defendants failed or intentionally chose not to retain the records of the time that is normally tracked using a GPS tracking device.  Such records would have reflected at least part of the actual time spent by an individual worker making a telephone directory delivery.

40. Individual workers were expected to complete the delivery route within a certain range of hours.  Defendants refused to allow the individual workers, such as Plaintiff, to accurately record their hours of work.  Individual workers who recorded their accurate hours of work were retaliated against by being deprived of other jobs if the managers and supervisors deemed the hours "excessive."  Such workers were placed on "do not rehire" lists or simply not offered new delivery assignments. Such retaliation is a violation of the FLSA.  *See* 29 U.S.C. 218c(a)(5).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

41.     Defendants restricted the hours in which plaintiffs, such as Plaintiff, were allowed to work by instructing the workers that they could only work during daylight hours and instructing them that the deliveries must be completed with a certain number of days.

42.     Individual workers who did not complete their entire delivery assignment within the specified timeframe were not compensated for the hours they worked.

43.     By paying the individual workers as independent contractors, Defendants receive a financial benefit.

44.     By paying the individual workers as independent contractors, Defendants have a reduced tax liability because Defendants do not withhold any taxes such as federal and state income tax, social security and Medicare taxes from the workers' wages, which taxes would be withheld if the workers were paid as employees.

45.     By paying the individual workers as independent contractors, Defendants avoid their obligations under the Affordable Care Act to ensure that employees are provided health insurance.

46.     By paying the individual workers as independent contractors, Defendants avoid the inclusion of thousands of individuals in the companies' retirement programs, such as the 401k retirement accounts.

47.     Despite classifying the individual workers as independent contractors, Defendants provided certain insurance coverage to the individual workers, including workers' compensation insurance and coverage for automobile accidents that occurred during the course of a delivery.

48.     Despite classifying the individual workers, such as Plaintiff, as independent contractors, the State of California has found such workers to be employees, entitled to unemployment benefits.

49.     Defendants intentionally and willfully engaged in, and continue to engage in a pattern and practice of classifying the individual delivery workers as independent contractors to avoid paying the workers the required minimum wage and overtime wages to which they are entitled pursuant to the Fair Labor Standards Act ("FLSA").

50.     Defendants failed and/or refused to pay the individual workers, including Plaintiff, for all hours worked at the appropriate straight time rate and for any hours worked in excess of forty hours in a work week.

51.     Defendants were aware of the wage and hour laws and intentionally and willfully chose to violate those laws by misclassifying individual workers as independent contractors.

52.     Defendants failed and/or refused to maintain accurate records reflecting the actual wages, hours worked by the individual workers and other conditions of employment, such as the operating costs incurred by the individual workers on behalf of Defendants.

## VII.      COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff, James Krawczyk, brings this action on behalf of himself and other similarly situated employees authorized under the FLSA, 29 U.S.C. § 216(b).  Krawczyk's consent to participate in this action is attached hereto as Exhibit 2.

54.     The collective action is comprised of (a) all individuals who were hired to deliver AT&T telephone directories between June 25, 2009 and December 21, 2012 and (b) all individuals who were hired to deliver AT&T telephone directories at any time within three years prior to this action's filing date through the time of trial of this action (the "collective period").

55.     Defendants' pattern and practice of misclassifying individuals as independent contractors and requiring them to sign the alleged "independent contractor agreement" is a generally applicable policy or practice and does not depend on the personal circumstances of the members of the class.  Plaintiff's experiences are typical of the experiences of the members of the class.

56.     All individuals hired as independent contractors to deliver AT&T telephone directories are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII.       CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT

57.     The facts set forth in ¶¶ 1-56, *supra,* are re-alleged and incorporated by reference herein.

58.     This is an action to recover unpaid wages and unpaid overtime compensation for time worked under the Fair Labor Standards Act, as amended 29 U.S.C. §201, *et seq*. and to address the Defendants' violations of the FLSA record keeping provisions 29 U.S.C. §211(c).

59.     At all times relevant and material, Plaintiff, and those similarly situated, were employed by Defendants within the meaning of the Act, 29 U.S.C. §203(e)(1).  Plaintiff and others similarly situated have consented to participation in this suit.  *See* Exhibits 2 and 3 (consent forms).

60.     At all times relevant and material, Defendants were employers engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

61.     Defendants have acted intentionally, knowingly and willfully and/or in reckless disregard of the rights of Plaintiff and the rights of similarly situated employees by failing to pay each Plaintiff and other similarly situated employees the minimum wage, straight time pay and overtime pay for time actually worked to which they were entitled during each workweek in violation of 29 U.S.C. §§207 & 216.

62.     Defendants did not make, keep and/or preserve Plaintiff's records as required pursuant to 29 U.S.C. §211(c) or file necessary administrative reports related to these records.

63.     During the individual workers' employment with Defendants, Plaintiff, and the similarly situated individual workers, worked in excess of forty (40) hours in a work week on a regular and recurring basis.  Plaintiff, and those similarly situated, were not paid minimum wages and straight time for all the hours they worked during the work week.  Furthermore, they were not paid time and one-half for the hours they worked in excess of forty (40) hours.

64.     Defendants' actions with regard to Plaintiff and those similarly situated employees was willful and/or in reckless disregard of their obligations under the FLSA, thereby allowing for a three (3) year statute of limitation period.

65.     Defendants' pattern and practice of classifying individuals hired to deliver AT&T telephone directories as independent contractors was, and is, a violation of the FLSA. Accordingly, Plaintiff, and all those similarly situated, are entitled to be paid for all hours work, to be paid the minimum wage for each hour worked and to be paid for time and one-half for each hour worked in excess of forty (40) hours in a work week.

66.     Further, Defendants retaliated against any individuals who complained or objected to the manner in which they were classified and paid.  Such retaliation is a violation of the FLSA.  *See* 29 U.S.C. 218c(a)(5).

67.     Plaintiff, and all those similarly situated, are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## IX.        PRAYER

68.     WHEREFORE, Plaintiff, both individually and as representative of all current and former employees similarly situated, asks the Court that he, and all current and former employees similarly situated, be awarded a judgment against Defendants for the following:

        a.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of any required notice pursuant to 29 U.S.C. §216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims;

        b.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

        c.     Judgment against Defendants for violation of the minimum wage provisions of the FLSA;

        d.     Judgment against Defendants for failure to pay Plaintiff and those similarly situated for all hours worked;

e.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

f.     Judgment that Defendants' actions were willful;

g.     An award in an amount equal to Plaintiff's and the collective action opt-in Plaintiffs' unpaid back wages;

h.     An award in an amount equal to Plaintiff's and the collective action opt-in Plaintiffs' unpaid back wages at the applicable overtime rate;

i.     An award to Plaintiff and those similarly situated for an amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon;

j.      As award of reasonable attorneys' fees, costs and expenses of this action pursuant to 29 U.S.C. § 216(b) and/or other applicable laws;

k.     An award of prejudgment interest to the extent liquidated damages are not awarded;

l.     Leave to add additional Plaintiffs by motion, by the filing of written consent forms, or any other method approved by the Court; and

m.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## X.     **JURY DEMAND**

69.     Plaintiff hereby demands a trial by jury of all issues which are subject to adjudication by a trier of fact.

Dated: May 10, 2016                    **COTCHETT, PITRE & McCARTHY, LLP**

                                       */s/ Mark C. Molumphy*

                                       Mark C. Molumphy
                                       mmolumphy@cpmlegal.com
                                       Alexandra P. Summer
                                       asummer@cpmlegal.com
                                       840 Malcolm Road, Suite. 200
                                       Burlingame, California 94010
                                       TEL: (650) 697-6000
                                       FAX: (650 697-0577

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

**MITHOFF LAW**
Richard Mithoff
rmithoff@mithofflaw.com
Janie Jordan
jjordan@mithofflaw.com
One Allen Center – Penthouse
500 Dallas Street
Houston, Texas 77002
Tel: (713) 654-1122
Fax: (713) 739-8085

**HOLMES DIGGS, EAMES & SADLER**
Judith Sadler
jsadler@holmesdiggs.com
Cynthia Diggs
cdiggs@holmesdiggs.com
Rachel A. Smith
rsmith@holmesdiggs.com
5300 Memorial Drive, Suite 900
Houston, Texas 77007
Tel: (713) 802-1777
Fax: (713) 802-1779

**BECK REDDEN**
Russell Post
rpost@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Tel: (713) 951-3700
Fax: (713) 951-3720

*Attorneys for Plaintiff and Proposed Collective Members*

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

# EXHIBIT 1

Filed 13 September 18 P7:33
Chris Daniel - District Clerk
Harris County
ED101J017722682
By: Jerri Coble

*STPRX*

### NO. 2011-50578

| | | |
|---|---|---|
| ERVIN WALKER, et al., | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DIRECTORY DISTRIBUTING | § | |
| ASSOCIATES, INC., et al., | § | |
| | § | |
| **Defendants** | § | 269th JUDICIAL DISTRICT |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

### STAY OF INTERLOCUTORY ORDER

On September ___, 2013, the Court signed its Interlocutory Order Granting Defendants' Motion to Dismiss as to Non-Texas Collective Action Plaintiffs Pursuant to Texas Civil Practice & Remedies Code Section 15.003 ("the Order"). Plaintiffs have filed a notice of appeal.

Pursuant to Texas Rule of Appellate Procedure 29.2, the Court suspends enforcement of the Order for the duration of any appeals regarding the Order.

The Court determines that no bond is necessary to suspend the Order pending appeal pursuant to Texas Rule of Appellate Procedure 24.2(a)(3).

The Court stays discovery by any party with respect to those Plaintiffs affected by the Order and all other proceedings with respect to the same.

IT IS SO ORDERED.

Signed this ___ day of September, 2013.

_____
The Honorable Dan Hinde
Presiding Judge, 269th District Court

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

JAMES KRAWCZYK, individually and on
behalf of others similarly situated,

                                    Plaintiffs,         Case No. _____

v.

                                                        COLLECTIVE ACTION
                                                        COMPLAINT FOR VIOLATIONS
DIRECTORY DISTRIBUTING ASSOCIATES,                      OF FLSA
INC., and AT&T CORP.
                                    Defendants.
                                                        **JURY TRIAL DEMANDED**


### CONSENT TO PARTICIPATE IN LAWSUIT/COLLECTIVE ACTION


I, James Krawczyk, hereby consent to be the named plaintiff and to participate in this
action against Directory Distributing Associates, Inc. AT&T Corp, and any other entities
and individuals who may be legally responsible to me, to recover what I allege to be
unpaid wages, overtime wages and other sums owed to me pursuant to the Fair Labor
Standards Act, 29 U.S.C. §§ 201, et. seq. and any other applicable state and federal
statutes and regulations.

I have requested the firm of Holmes, Diggs, Eames & Sadler, PLLC and any associated
counsel, to bring the claims I may have including this lawsuit.  I understand that by
signing this Consent and becoming a plaintiff I will be bound by settlements and
decisions in this case.  This written Consent is intended to serve as my consent in writing
to join this lawsuit and become a party as required by 29 U.S. C. §216(b) and any other
state or federal statutes and/or regulations.


Date_05-05-2016_                              _James D Krawczyk_
                                              James Krawczyk

Workspace Webmail :: Print

https://email21.secureserver.net/view_print_multi.php?uidArray=183...

<u>Print</u> | <u>Close Window</u>

**Subject:** DDA Workers Consent Form
**From:** "form_engine@fs21.formsite.com" <form_engine@fs21.formsite.com>
**Date:** Tue, Mar 05, 2013 5:28 pm
**To:** lawsuit@ddadeliveryworkersgroup.com

CAUSE NO. 2011-50578

| | |
|---|---|
| ERVIN WALKER, DONALD WALKER, ERIC ALLEN, JUSTIN COOPER, REGINA COUTEE, TRENT JEDKINS, AND BRIAN MATHIS | §IN THE DISTRICT COURT |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| DIRECTORY DISTRIBUTING ASSOCIATES, INC., RICHARD PRICE, STEVE WASHINGTON, LAURA WASHINGTON, ROLAND E. SCHMIDT, and SANDY SANDERS, | § OF HARRIS COUNTY, §TEXAS |
| and | § |
| AT&T CORPORATION | § |
| Defendants. | §269TH JUDICIAL DISTRICT |
| | § |

**CONSENT TO OPT IN AND JOIN COLLECTIVE ACTION**

I consent to be a party plaintiff in this case, called *Ervin Walker, et al. v. Directory Distributing Associates, Inc. et. al.* to recover what I allege to be unpaid wages, overtime wages and other sums owed to me. I allege that I was mis-classified as an independent contractor under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

I want the firms of Holmes, Diggs & Eames, PLLC, and the Law Offices of Judith Sadler, PC, and any associated counsel, to bring the claims I may have, including this lawsuit. I understand that by signing this Consent and becoming a plaintiff I will be bound by settlements and decisions in this case. This written Consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

| Questions | Values |
|---|---|
| First Name | James |
| Last Name | Krawczyk |
| Telephone | (714) 310 -2028 |
| Address | 14272 Hoover Street Space # 125 |
| City | Westminster |
| Item # 7 | California |
| Zip Code | 92683 |
| Email (optional) | krawczyk.james@gmail.com |
| Last 3 Digits of Drivers License | 314 |
| State Issuing Drivers License | California |
| Last 3 Digits of Social Security # | 504 |
| Todays Date | 03-05-2013 |

Copyright © 2003-2013. All rights reserved.