JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
LEO MONIZ (STATE BAR NO. 285571)
lmoniz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    (916) 447-9200
Facsimile:     (916) 329-4900

Attorneys for Defendant
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KRAWCZYK,<br><br>                    Plaintiff,<br><br>          v.<br><br>DIRECTORY DISTRIBUTING ASSOCIATES, INC., and AT&T CORP.,<br><br>                    Defendants. | Case No. 3:16-cv-02531-VC<br><br>**DEFENDANT AT&T CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         October 6, 2016<br>Time:        10:00 a.m.<br>Courtroom: 4, 17th Floor<br>Judge:       Hon. Vince Chhabria |

**TO PLAINTIFF JAMES KRAWCZYK AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant AT&T Corp. will and hereby does move the Court, for an order dismissing this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

AT&T Corp. respectfully requests that this Court dismiss Plaintiff James Krawczyk's Complaint, with prejudice, for failure to state a claim upon which relief can be granted. This motion is based on this notice of motion, the following Memorandum of Points and Authorities and exhibit attached thereto, AT&T Corp.'s Request for Judicial Notice in Support of Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed herewith, the complete files and records in this action, any reply papers Defendant may file, any matters of which the Court takes judicial notice, and such materials or argument as may be presented to the Court in conjunction with the hearing on this motion.

Dated:  July 18, 2016                                  ORRICK HERRINGTON & SUTCLIFFE LLP


                                                       By:         /s/ *Julie A. Totten*
                                                       _____
                                                            JULIE A. TOTTEN
                                                            Attorneys for Defendant
                                                            AT&T CORP.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1
II. STATEMENT OF THE ISSUE TO BE DECIDED ........................................................... 2
III. RELEVANT FACTS ......................................................................................................... 2
    A. Plaintiff's Alleged Employment for "Defendants" ................................................. 2
    B. Plaintiff's "Pay" Allegations .................................................................................... 3
    C. Plaintiff's Claim for Relief ...................................................................................... 3
IV. ARGUMENT ..................................................................................................................... 4
    A. Legal Standard ......................................................................................................... 4
    B. Plaintiff's Only Allegations Against AT&T Corp. Are Insufficient to State a Claim for Relief. ................................................................................................. 5
    C. Plaintiff Fails to Plead a Basis Upon Which AT&T Corp. Can Be Held Liable for the Alleged Acts of a Separate Corporation. ........................................... 6
    D. Plaintiff Fails to Plead Facts Sufficient to Allege That AT&T Corp. is a Joint Employer of Plaintiff. .................................................................................... 8
        1. The Power to Hire and Fire Employees ...................................................... 8
        2. Whether the Alleged Employer Supervised and Controlled Employee Work Schedules or Employment Conditions ............................. 9
        3. Whether the Alleged Employer Determined the Rate and Method of Payment ..................................................................................................... 9
        4. Whether the Alleged Employer Maintained Employment Records .......... 10
    E. Plaintiff's Complaint Fails to Allege Any Specific Facts Sufficient to Constitute an FLSA Violation. ............................................................................... 10
V. CONCLUSION ................................................................................................................ 12


Case 3:16-cv-02531-VC   Document 30   Filed 07/18/16   Page 4 of 18

# TABLE OF AUTHORITIES

**Page(s)**


**Cases**

*Adedapoidle-Tyehimba v. Crunch, LLC*,
  No. 13-CV-00225-WHO, 2013 WL 4082137 (N.D. Cal. Aug. 9, 2013) .......................5, 7, 9, 10

*Andrade v. Arby's Rest. Grp., Inc.*,
  2015 WL 6689475 (N.D. Cal. Nov. 3, 2015) ...........................................................................9

*Anthony v. Harmon*,
  No. CIV 2:09-2272 WBS KJM, 2009 WL 4282027 (E.D. Cal. Nov. 25, 2009) ..............5, 7, 9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ...................................................................................................4, 5, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................4, 5, 11

*Bonnette v. Cal. Health & Welfare Agency*,
  704 F.2d 1465 (9th Cir. 1983) .............................................................................................8, 10

*Bowoto v. Chevron Texaco Corp.*,
  312 F. Supp. 2d 1229 (N.D. Cal. 2004) .....................................................................................7

*Buchanan v. Neighbors Van Lines*,
  No. CV10 6206 PSG, 2010 WL 4916644 (C.D. Cal. Nov. 29, 2010) ..................................5, 7

*Chao v. A–One Med. Servs., Inc.*,
  346 F.3d 908 (9th Cir. 2003) .....................................................................................................8

*Davis v. Abington Mem'l Hosp.*,
  765 F.3d 236 (3d Cir. 2014) .....................................................................................................11

*De La Cruz v. Tormey*,
  582 F.2d 45 (9th Cir. 1978) .......................................................................................................4

*Doe I v. Wal-Mart Stores*,
  572 F.3d 677 (9th Cir. 2009) ...................................................................................................12

*Duff-Brown v. City & Cnty. of S.F.*,
  2013 WL 163530 (N.D. Cal. Jan. 15, 2013) ..............................................................................3

*East v. Bullock's Inc.*,
  34 F. Supp. 2d 1176 (D. Ariz. 1998) .........................................................................................4

*Elwell v. Univ. Hospitals Home Care Servs.*,
  276 F.3d 832 (6th Cir. 2002) .....................................................................................................4


OHSUSA:765566511                                    - ii -                      AT&T CORP.'S MOTION TO DISMISS
                                                                                CASE NO. 3:16-CV-02531-VC

*Flores v. Velocity Express*,
  LLC, 2015 WL 3902006 (N.D. Cal. June 23, 2015)..................................................................10

*Freeney v. Bank of Am. Corp.*,
  No. CV 15-02376 MMM, 2015 WL 4366439 (C.D. Cal. July 16, 2015)...................................7

*Garcia v. San Antonio Metr. Transit Auth.*,
  469 U.S. 528 (1985)...................................................................................................................8

*Gerritsen v. Warner Bros. Entm't Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. 2015).....................................................................................2

*Harding v. Time Warner, Inc.*,
  No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18,
  2009) ........................................................................................................................................12

*Johnson v. Serenity Transp., Inc.*,
  141 F. Supp. 3d 974 (N.D. Cal. 2015) .....................................................................................10

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005)....................................................................................................3

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014)...............................................................................................11, 12

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001)......................................................................................................3

*Lundy v, Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013).....................................................................................................11

*Moss v. U.S. Secret Svc.*,
  572 F.3d 962 (9th Cir. 2009)......................................................................................................4

*Pearson v. Component Tech. Corp.*,
  247 F.3d 471 (3d Cir. 2001).......................................................................................................7

*Perez v. Performance Grp., Inc.*,
  2016 WL 1161508 (Mar. 23, 2016) .........................................................................................11

*Pruell v. Caritas Christi*,
  678 F.3d 10 (1st Cir. 2012) ......................................................................................................11

*Robinson v. LAPD*,
  No. CV 12-0126-TJH RNB, 2012 WL 4069539 (C.D. Cal. July 30, 2012)...............................5

*RRX Indus., Inc. v. Lab–Con, Inc.*,
  772 F.2d 543, (9th Cir. 1985).....................................................................................................7

*Shroyer v. New Cingular Wireless Svcs., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ................................................................................................ 4

*United States v. Bestfoods*,
  524 U.S. 51 (1998) .................................................................................................................. 7

**Statutes**

29 U.S.C. §§ 206–207 .................................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................................. 2, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

The Complaint in this purported Fair Labor Standards Act ("FLSA") collective action utterly fails to state a plausible claim against Defendant AT&T Corp.  Plaintiff James Krawczyk alleges that he and other workers were misclassified as independent contractors and denied minimum wage and overtime.  But Plaintiff provides no reasonable basis to conclude that he was employed by *AT&T Corp.*  Likewise, Plaintiff does not contend that AT&T Corp. misclassified him or denied him wages, relying instead on vague and conclusory allegations against both "Defendants."  Plaintiff further alleges that AT&T Corp. is a parent corporation of third party AT&T Services, Inc., which contracted with co-defendant Directory Distributing Associates, Inc. ("DDA") to provide for delivery of telephone directories.  But Plaintiff fails to allege how or why AT&T Corp., as an alleged parent company (an allegation that is not accurate), can be liable for the acts of its alleged subsidiary.  Nor does Plaintiff plead facts sufficient to support a claim that AT&T Corp. can be held liable as a joint employer for the alleged conduct of DDA.  Plaintiff does not allege that AT&T Corp. hired or fired Plaintiff or other alleged employees, that it supervised or controlled their working conditions, or that it set their rate or method of payment.  Rather, Plaintiff alleges that he performed work for DDA, a telephone directory distributor, and that DDA contracted with a *third entity*, AT&T Services, Inc., AT&T Corp.'s alleged subsidiary, to deliver AT&T telephone directories.  Plaintiff's blurry treatment of the details of his alleged employment cannot overcome the firmly established principle of corporate law that a corporation is not liable for the acts of its affiliates, nor can it satisfy joint employment requirements.

Moreover, putting aside the fact that Plaintiff does not plead facts sufficient to make AT&T Corp. a proper party, Plaintiff's allegations fall woefully short of asserting any specific violations of the FLSA.  Even if Plaintiff were improperly classified as an independent contractor, he offers nothing more than conclusory allegations to show entitlement to unpaid minimum wages and overtime.  Indeed, Plaintiff fails to identify *a single specific instance* in which he or any other worker was not paid in accordance with the requirements of the FLSA.

For all these reasons, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II.     STATEMENT OF THE ISSUE TO BE DECIDED

Whether the action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    RELEVANT FACTS[1]

### A.     Plaintiff's Alleged Employment for "Defendants"

Plaintiff conspicuously fails to plead that AT&T Corp. was his employer. Rather, Plaintiff alleges that he worked for "Defendants." Compl. ¶ 19. Plaintiff alleges that DDA contracted with AT&T Services, Inc. to deliver telephone directories for AT&T Corp., which, he (incorrectly) alleges, is a parent to AT&T Services and AT&T Advertising and Publishing. Compl. ¶ 23.[2] Plaintiff alleges that "Defendants" hired workers to deliver AT&T telephone directories throughout the United States and Canada. ¶ 25. Plaintiff alleges that he was "hired by defendants to deliver telephone directories," that he "delivered AT&T telephone directories," and that he "was paid as an independent contractor during the relevant time period." Compl. ¶ 19. Plaintiff contends that "[h]e worked for Defendants until February 2013." Compl. ¶ 19.

Plaintiff alleges that he and other workers were "required" to execute agreements classifying themselves as independent contractors. Compl. ¶¶ 26–27. However, the Delivery Agreements characterizing Plaintiff as an independent contractor were made between Plaintiff and *DDA*. See Ex. A (Delivery Agreements produced by Plaintiff) (attached hereto).[3] Plaintiff

---

[1]   Although AT&T Corp. specifically denies many of the allegations in Plaintiff's Complaint, for purposes of this 12(b)(6) motion, AT&T Corp. recognizes that specific factual allegations must be accepted as true, but general, conclusory allegations couched as "facts" must be disregarded by the Court.

[2]   AT&T Services, Inc. is jointly owned by *AT&T Inc. and AT&T Teleholdings, Inc.* AT&T Corp. is a wholly owned subsidiary of AT&T Inc. See Def. AT&T Corp.'s Request for Judicial Notice ISO Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), Ex. 1 (filed herewith). A court may consider matters that are judicially noticeable along with the complaint when deciding a motion to dismiss. See, e.g., Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015).

[3]   Although "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court may consider material that is "properly submitted as part of the complaint"; or, if the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity is not contested and

1  also alleges that "***Defendant DDA*** internally pre-determined the amount of time the telephone
2  deliveries on a particular route should take" and "formulated a flat amount it would pay for each
3  delivery route." Compl. ¶ 36 (emphasis added). Furthermore, Plaintiff alleges that "Defendant
4  AT&T Corp. knew or should have known that ***defendant DDA*** was paying individual workers
5  hired to deliver the telephone directories as independent contractors." Compl. ¶¶ 29 (emphasis
6  added). Despite this conclusory allegation, the Complaint does not contain any factual assertions
7  regarding the basis for AT&T Corp.'s alleged knowledge of DDA's conduct.

### B. Plaintiff's "Pay" Allegations

Plaintiff's Complaint alleges generally that he was not paid the minimum wage and should recover "unpaid wages" and "overtime." Yet Plaintiff provides no specific allegations or examples of any particular week(s) in which he was not paid at least the minimum wage or of a week(s) in which he actually worked over 40 hours in a work week. Compl. ¶ 63. Plaintiff alleges: (1) he was paid a flat fee for deliveries; (2) was not paid for any time spent on activities other than the actual delivery of telephone books; (3) "if a worker failed to follow the instructions directly the worker would not be paid"; (4) workers who did not complete their delivery assignment within a specified time frame would not be compensated for the hours worked; and (5) "Defendants" failed to pay individual workers for all hours worked at the appropriate straight time rate and for any hours in excess of forty hours per week. *See* Compl. ¶¶ 28–29, 32, 42, 50.

### C. Plaintiff's Claim for Relief

In this action, Plaintiff asserts a single claim for relief—minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 206–207. Compl. ¶¶ 58, 63. To the extent that Plaintiff is claiming relief for violations of the FLSA's recordkeeping provisions, enforcement of those provisions vests solely in the Secretary of Labor. *See Duff-Brown v. City & Cnty. of S.F.*, 2013 WL 163530, *6 (N.D. Cal. Jan. 15, 2013) ("Authority to enforce the Act's recordkeeping

---

the plaintiff's complaint necessarily relies on them." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation marks omitted); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (the "incorporation by reference" doctrine allows court to consider a document attached by a defendant to a motion to dismiss when a "plaintiff's claim depends on the contents of a document" and "the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

provisions is vested exclusively in the Secretary of Labor.") (quoting *Elwell v. Univ. Hospitals Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002)); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1183 (D. Ariz. 1998) (no private right of action to enforce record-keeping provisions; collecting cases).

## IV.   ARGUMENT

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint as to whether the facts pleaded "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Where an alleged claim for relief lacks sufficient facts under a viable legal theory, that claim must be dismissed. *Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A motion to dismiss that asserts failure to plead sufficient facts should be granted if the plaintiff has not alleged "enough facts to state a claim to relief *that is plausible on its face.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), set a two-step process for analyzing the sufficiency of a complaint. While the Court must accept as true all factual allegations, the Court must exclude or ignore "conclusory statements" or "[t]hreadbare recitals of the elements." *Iqbal*, 129 S. Ct. at 1949. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quotation marks omitted). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950; *Moss v. U.S. Secret Svc.*, 572 F.3d 962, 969 (9th Cir. 2009).

Second, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be

1   dismissed." *Twombly*, 550 U.S. at 570.

2   　　　　Conclusory allegations that lump separate corporations together as "defendants" are
3   insufficient to state a claim under the pleading standards of *Iqbal* and *Twombly*.  See
4   *Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-CV-00225-WHO, 2013 WL 4082137, at *5
5   (N.D. Cal. Aug. 9, 2013) ("The conclusory assertion, without any factual support, that any
6   separation between the Defendants has 'ceased' such that they should not be treated as separate
7   entities, is insufficient to plead alter ego liability."); *Buchanan v. Neighbors Van Lines*, No. CV10
8   6206 PSG (RCx), 2010 WL 4916644, *3 (C.D. Cal. Nov. 29, 2010) ("The only allegations made
9   by Plaintiff —that 'at all relevant times each of the Defendants was the agent, employee, [and] ...
10  successor-in-interest of each of them, and of each other, and has, in such capacity or capacities,
11  participated in the acts or conduct alleged' in the Complaint—are nothing more than legal
12  conclusions of the type prohibited by *Iqbal* and *Twombly*.  Plaintiff's argument that the conduct
13  of Golden Hand is imputed to Neighbors therefore must fail."); *Anthony v. Harmon*, No. CIV
14  2:09-2272 WBS KJM, 2009 WL 4282027, at *2 (E.D. Cal. Nov. 25, 2009) ("A number of
15  averments in plaintiffs' complaint certainly appear to have been made without *Iqbal* in mind.  For
16  example, plaintiffs' allegations repeatedly lump defendants together, referring to them as
17  "Advisors," and do not plead facts that plausibly suggest that each defendant is liable for the
18  claims in the Complaint.).

19  　　　　**B.**　　**Plaintiff's Only Allegations Against AT&T Corp. Are Insufficient to State a Claim for Relief.**
20
21  　　　　A complaint must be dismissed if it "fails to allege sufficient *factual* content that allows
22  the Court to draw the reasonable inference that *each* defendant is liable for the misconduct
23  alleged." *Robinson v. LAPD*, No. CV 12-0126-TJH RNB, 2012 WL 4069539, at *3 (C.D. Cal.
24  July 30, 2012) (quoting *Iqbal*, 129 S. Ct. at 1949) (emphasis added; quotation marks and
25  alterations omitted).  However, putting aside Plaintiff's conclusory statements, it is evident that
26  Plaintiff's Complaint is largely bereft of *factual* allegations pertaining to AT&T Corp.  The only
27  *factual* allegations in which Plaintiff alleges action by AT&T Corp. are as follows:
28  　　　　　　　　•　　　Plaintiff alleges that AT&T Corp. is a subsidiary of AT&T, Inc. and that

|   |   |
|---|---|
| 1 | AT&T Corp. may be served with process by serving its registered agent in |
| 2 | Los Angeles.  Compl. ¶ 21. |
| 3 | • Plaintiff alleges that AT&T Corp. "owns and manages" AT&T Advertising |
| 4 | & Publishing and that AT&T Advertising & Publishing is "a wholly or |
| 5 | majority owned division or subsidiary of AT&T Corp."  Compl. ¶ 22. |
| 6 | • Plaintiff alleges that **DDA contracted with** AT&T Corp.'s alleged wholly |
| 7 | owned subsidiary or division, ***AT&T Services, Inc., which acted on behalf*** |
| 8 | ***of AT&T Advertising and Publishing***, to deliver telephone directories. |
| 9 | Compl. ¶ 23. |
| 10 | • Plaintiff alleges that "AT&T Corp., and its wholly owned divisions and |
| 11 | subsidiaries AT&T Services, Inc. and AT&T Advertising and Publishing, |
| 12 | relied on, approved and benefitted from the ***policies and practices engaged*** |
| 13 | ***in by DDA***."  Compl. ¶ 23 (emphasis added). |

All of Plaintiff's other allegations are conclusory or set forth the conduct of DDA or "Defendants" generally.  *See generally* Compl.  The only *facts* that Plaintiff alleges against AT&T Corp. are that it had a subsidiary and that the subsidiary did business with DDA.  As such, the allegations against AT&T Corp. are plainly insufficient to state a claim for relief.  Insofar as Plaintiff is seeking to hold AT&T Corp. liable for the alleged conduct of its affiliates or DDA, Plaintiff fails to state a claim for the reasons set forth below.

### C.   **Plaintiff Fails to Plead a Basis Upon Which AT&T Corp. Can Be Held Liable for the Alleged Acts of a Separate Corporation.**

Plaintiff relies on the contract between DDA and AT&T Services, Inc. (acting on behalf of AT&T Advertising and Publishing**)** as the basis for AT&T Corp.'s alleged liability in this case. None of the allegations assert that AT&T Corp. was a signatory to the contract between DDA and AT&T Services, Inc., that the contract refers to or mentions AT&T Corp., or that AT&T Corp. is a beneficiary of that contract.  From this and the fact that Plaintiff has not sued AT&T Services, Inc. or AT&T Advertising and Publishing, it is clear that Plaintiff seeks to hold AT&T Corp. responsible for the alleged acts of these other entities as an alleged "parent corporation."

However, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Where a plaintiff fails to allege facts to establish a basis for disregarding corporate separateness, such as alter ego liability, a claim against one corporation for the alleged acts of a separate corporation must be dismissed. *See Freeney v. Bank of Am. Corp.*, No. CV 15-02376 MMM (PJWx), 2015 WL 4366439, at *15 (C.D. Cal. July 16, 2015) (complaint alleging mere legal conclusion that Bank of America was Merrill Lynch's successor-in-interest failed to state a plausible claim for relief). In order to succeed on an alter ego theory of liability, plaintiffs must essentially demonstrate that in all aspects of the business, the two corporations actually functioned as a single entity and should be treated as such. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001) (citing *RRX Indus., Inc. v. Lab–Con, Inc.*, 772 F.2d 543, 545 (9th Cir. 1985) (veil-piercing is appropriate when "the personalities of the corporation and individual are no longer separate"). Importantly though, "[t]he party seeking to disregard the corporate form bears the burden of showing that there are good reasons for doing so." *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1235 (N.D. Cal. 2004). "Mere ownership of a subsidiary does not justify the imposition of liability on a parent." *Pearson*, 247 F.3d at 484. "The law allows corporations to organize for the purpose of isolating liability of related corporate entities," and "[o]nly in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary." *Bowoto*, 312 F. Supp. 2d at 1234.

Here, Plaintiff fails to allege any facts from which it can be inferred that an exception to the general rule of non-liability for the acts of an alleged subsidiary applies.[4] This omission constitutes sufficient reason to grant AT&T Corp.'s motion to dismiss. *See Adedapoidle-Tyehimba*, 2013 WL 4082137, at *5; *Buchanan*, 2010 WL 4916644, *3; *Anthony v. Harmon*, 2009 WL 4282027, at *2.[5]

---

[4]   In any event, AT&T Corp. avers that Plaintiff's Complaint fails to state a claim for which relief can be granted even if it was a proper party (which it is not).

[5]   Plaintiff alleges that this case "began" with an action in the District Court of Texas. *See* Compl. ¶¶ 5–14. Notably, Plaintiff's counsel, who are also counsel for the plaintiffs in the Texas case, were previously provided with the information that AT&T Corp. and AT&T

### D. Plaintiff Fails to Plead Facts Sufficient to Allege That AT&T Corp. is a Joint Employer of Plaintiff.

Plaintiff's complaint is virtually devoid of any specific allegations against AT&T Corp. as it pertains to the employment, by DDA, of Plaintiff. The sole allegation in the Complaint in which AT&T Corp. is specifically mentioned with regard to the workers hired by DDA follows:

- "Defendant AT&T Corp. knew or should have known that defendant DDA was paying individual workers hired to deliver the telephone directories as independent contractors. Defendant AT&T further knew that such individuals were paid a flat fee for deliveries." Compl. ¶ 29.

Consequently, Plaintiff's Complaint fails to set forth specific allegations to plead a joint employer theory. In the Ninth Circuit, joint-employer status exists where "(1) the employers are not 'completely disassociated' with respect to the employment of the individuals; and (2) where one employer is controlled by another or the employers are under common control." *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003). In order to assess whether a joint-employer relationship exists, the Court evaluates four factors bearing on the economic relationship between the alleged employers and employees: whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or employment conditions; (3) determined the rate and method of payment; and (4) maintained employment records. *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *disapproved of on other grounds by Garcia v. San Antonio Metr. Transit Auth.*, 469 U.S. 528, 539 (1985). Plaintiff does not satisfy any of the four *Bonnette* factors.

#### 1. The Power to Hire and Fire Employees

Plaintiff's only "specific" allegations are that *DDA* was ordered to produce a list of individuals whom it hired to deliver telephone directories in the previous litigation. Compl. ¶ 6. Further, Plaintiff alleges that it was "defendant *DDA* [] paying individual workers hired to deliver the telephone directories as independent contractors"; *DDA* who "internally" pre-determined the amount of time telephone deliveries on various routes should take in order for it to make a profit

---

Services, Inc. are separate legal entities in connection with the Texas litigation, and have still elected to file this action against AT&T Corp.

from its contract with AT&T Corp.; and that **DDA** would use that calculation to formulate a flat amount that it would pay for each delivery route.  Compl. ¶¶ 29, 36 (emphasis added).

In addition, the "independent contractor agreements" that Plaintiff alleges that he and others were required to sign were executed by **DDA**—not AT&T Corp.  Compl. ¶ 26–28.  Indeed, the "independent contractor agreements" for Plaintiff were with **DDA**.  *See* Ex. A (Delivery Agreements produced by Plaintiff).  Further, there are no specific allegations in the Complaint that AT&T Corp. hired or fired any employees.

### 2. Whether the Alleged Employer Supervised and Controlled Employee Work Schedules or Employment Conditions

Although Plaintiff alleges several specifics with regard to his working conditions, he has not alleged how AT&T Corp. supervised or controlled his working conditions.  Instead, Plaintiff repeatedly refers to "Defendants" in all of these allegations.  *See* Compl. ¶¶ 30–35, 38–42.  These conclusory allegations are not enough to plausibly state a claim for relief.  *Anthony v. Harmon*, 2009 WL 4282027, *2 (E.D. Cal. Nov. 25, 2007) (allegations lumping defendants together insufficient to plausibly suggest each defendant was liable for claims in the complaint).  As the Court in *Andrade v. Arby's Rest. Grp., Inc.*, 2015 WL 6689475, *3 (N.D. Cal. Nov. 3, 2015) noted, "conclusory statements that provide only legal conclusions will not suffice" to state a claim against an alleged employer under the FLSA.  (citing *Adedapoidle-Tyehimba v. Crunch*, 2013 WL 4082137, *1 (N.D. Cal. Aug. 9, 2013) (granting defendants' motion to dismiss plaintiff's FLSA claims because he had "not adequately pleaded a basis for finding them liable as his joint employers or as alter-egos of his direct employer").

### 3. Whether the Alleged Employer Determined the Rate and Method of Payment

Plaintiff's specific allegations refer to how **DDA** set its rate of payment – not AT&T Corp.  Again, Plaintiff alleges that it was "defendant DDA [] paying individual workers hired to deliver the telephone directories as independent contractors."  Compl. ¶ 29.  Further, Plaintiff alleges that it was DDA who "internally" pre-determined the amount of time telephone deliveries on various routes should take in order for it to make a profit from its contract with AT&T Corp.  Compl. ¶ 36.  Also, Plaintiff alleges that DDA would use that calculation to formulate a flat amount that it

1  would pay for each delivery route. *Id.*

### 4. Whether the Alleged Employer Maintained Employment Records

Here, Plaintiff makes general allegations that "Defendants" either did not keep records or prevented "individual workers" from "accurately recording their hours of work." *See* Compl. ¶¶ 39–40, 62. However, Plaintiff makes no specific allegations as to whether or why AT&T Corp. should have been required to keep employment records. As shown above, Plaintiff sets forth a host of general allegations as to "Defendants," but they do not address why AT&T should be considered his employer jointly with DDA. *See* Compl. ¶¶ 25, 27, 30–33, 35, 37–41, 43–47. A plaintiff who seeks to hold multiple entities liable as joint employers must plead ***specific facts that explain how the defendants are related and how the conduct underlying that claims is attributable to each defendant***. *Johnson v. Serenity Transp., Inc.,* 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015); *see also Adedapoidale-Tyehimba*, 2013 WL 4082137 at *5 (holding that plaintiff failed to state FLSA claim against two defendants based on joint employer allegations that were imprecise and conclusory). In *Johnson*, the court held that plaintiffs failed to adequately plead joint employment as only one *Bonnette* factor weighed in favor of plaintiffs.

Here, the only *Bonnette* factors touched on by Plaintiff with any specificity as to either defendant are the first and third factors, which stem from Paragraphs 6 and 36 of the Complaint. However, these allegations weigh in favor of ***not*** finding joint employment as ***DDA alone*** is hiring and making payment rate decisions. *See Flores v. Velocity Express*, LLC, 2015 WL 3902006, *8 (N.D. Cal. June 23, 2015) (denying plaintiffs' partial motion for summary judgment on joint employer claim as plaintiffs provided no evidence at all regarding each factor).

### E. Plaintiff's Complaint Fails to Allege Any Specific Facts Sufficient to Constitute an FLSA Violation.

Plaintiff's Complaint baldly alleges that he and other workers were not paid the minimum wage and should recover for unpaid time and overtime wages. Compl. ¶¶ 63, 68. According to Plaintiff's allegations: (1) he was paid a flat fee for deliveries; (2) was not paid for any time spent on activities other than the actual delivery of telephone books; (3) "if a worker failed to follow the instructions directly the worker would not be paid"; (4) workers who did not complete their

1  delivery assignment within a specified time frame would not be compensated for the hours
2  worked; and (5) Defendants failed to pay individual workers for all hours worked at the
3  appropriate straight time rate and for any hours in excess in forty hours per week.  *See* Compl.
4  ¶¶ 28–29, 32, 42, 50.  However, there are no specific allegations or examples in the Complaint of
5  any particular week(s) in which Plaintiff was not paid at least the minimum wage or in which he
6  actually worked over 40 hours in a work week.

7  The Ninth Circuit's decision in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 639–40
8  (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015) is instructive.
9  In *Landers*, the plaintiff alleged that his employer failed to pay its employees minimum wage and
10 overtime for weeks they worked more than forty hours.  771 F.3d at 639–40.  The district court
11 dismissed the complaint, finding the plaintiff did not make any factual allegations "providing an
12 approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid
13 overtime wages."  *Id*. at 640.  The district court concluded that the allegations in the plaintiff's
14 complaint were "merely consistent" with the employer's liability, but did not state a "plausible
15 entitlement to relief" as required under *Twombly* and *Iqbal*.  *Id*.  The Ninth Circuit affirmed,
16 holding that the complaint did not allege facts showing there was a specific week where the
17 plaintiff was entitled to, but denied, minimum wages or overtime.  *Id*. at 646.  In reaching this
18 decision, the Ninth Circuit joined several circuit courts finding wage-and-hour allegations
19 insufficient for failure to state factual details about hours worked.  *See* discussion *id*. at 641–46
20 (citing, *e.g.*, *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *Lundy v, Catholic Health Sys.*
21 *of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236
22 (3d Cir. 2014)).

23 Like the plaintiff in *Landers*, Plaintiff's complaint in this action fails under the
24 *Twombly/Iqbal* standard.  Plaintiff has not alleged a single workweek in which he did not receive
25 minimum wage or worked in excess of forty hours in a week even though this knowledge is
26 directly within his control.  *Perez v. Performance Grp., Inc.*, 2016 WL 1161508, *6 (Mar. 23,
27 2016) (citing *Landers* and dismissing complaint holding that plaintiff failed to plead any specific
28 details regarding circumstances in which Plaintiff worked more than forty hours in any given

week without being paid overtime).

Even before *Landers*, courts in the Ninth Circuit and elsewhere were dismissing wage-and-hour class action complaints—like this one—that simply recite statutory language and "slavishly repeat the statutory language as to the purported factual allegations." *See, e.g., Doe I v. Wal-Mart Stores*, 572 F.3d 677, 683 (9th Cir. 2009); *Harding v. Time Warner, Inc.*, No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) (allegations which alleged employer failed to pay and properly calculate overtime; keep accurate records of hours worked; provide wages in a compliant manner; provide uninterrupted meal periods; provide accurate itemized wage statements, and comply with Labor Code section 203 held insufficient). This Court should do the same here.

## V. CONCLUSION

For all the foregoing reasons, this Court should dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

Dated:  July 18, 2016                              ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                   By:        /s/ *Julie A. Totten*
                                                           JULIE A. TOTTEN
                                                        Attorneys for Defendant
                                                              AT&T CORP.