1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   WILLIAM C. SUNG, SB# 280792
3     E-Mail: William.Sung@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  MARCUS LEE, SB# 281886
      E-Mail: Marcus.Lee@lewisbrisbois.com
7  333 Bush Street, Suite 1100
   San Francisco, California 94104-2872
8  Telephone: 415.362.2580
   Facsimile: 415.434.0882
9
   **McCARTHY, LEONARD, KAEMMERER, L.C.**
10 BRIAN E. MCGOVERN, SB#34677 (MO)
      E-Mail: bmcgovern@mlklaw.com
11 BRYAN M. KAEMMERER, SB#52998 (MO)
      E-Mail: bkaemmerer@mlklaw.com
12 825 Maryville Centre Drive, Suite 300
   St. Louis, Missouri 63017
13 Telephone: 314.392.5200
   Facsimile: 314.392.5221
14 *Pro Hac Vice Application Pending*

15 Attorneys for Defendant Directory Distributing Associates, Inc.

16

17                        UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

19

| | |
|---|---|
| 20  JAMES KRAWCZYK, individually and on behalf of others similarly situated, | CASE NO. 4:16-cv-02531-VC |
| 21                Plaintiffs, | **DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AN AUTHORITIES** |
| 22        vs. | |
| 23  DIRECTORY DISTRIBUTING ASSOCIATES, INC. and AT&T CORP., | |
| 24 | |
| 25                Defendants. | Date:       October 6, 2016<br>Time:       10:00 a.m.<br>Courtroom:  4, 17th Floor<br>Judge:      Hon. Vince Chhabria |
| 26 | |
| 27 | Action Filed:  May 10, 2016<br>Trial Date:    None Set |
| 28 | |

4828-7052-6517.1                         1                         4:16-cv-02531-VC

DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

TO PLAINTIFF JAMES KRAWCYZK AND HIS ATTORNEYS OF RECORD:

PLEATE TAKE NOTICE that on October 6, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Vince Chhabria in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant Directory Distributing Associates, Inc. ("Defendant DDA") will move the Court for an order dismissing with prejudice Plaintiff James Krawczyk's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the completes files and records in this action, any reply papers Defendant DDA may file, any matters of which the Court takes judicial notice, and such materials or argument as may be presented to the Court at the hearing on this Motion.

DATED: July 22, 2016                **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By: _____/s/ Jeffrey S. Ranen_____
        Jeffrey S. Ranen
        William C. Sung
        Marcus Lee
        Attorneys for Defendant
        Directory Distributing Associates, Inc.



4828-7052-6517.1

2

4:16-cv-02531-VC

DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The essence of Plaintiff's Complaint is that he (and the class he seeks to represent) was improperly classified as an independent contractor, and was therefore not paid properly under the Fair Labor Standards Act.

Despite the ominous nature of the legal allegations set forth in Plaintiff's Complaint, what makes it significant is the dearth of *factual allegations* about a specific workweek in which Plaintiff purportedly worked in excess of forty hours without being paid overtime and/or was not paid minimum wages. Indeed, nowhere throughout Plaintiff's Complaint is there any reference to the number of deliveries that he performed in a given week, the approximate time that it took him to complete said deliveries, how much he was paid for these deliveries, or any other *facts* to plausibly allege that he was not paid in accordance with the law.

It likewise appears that Plaintiff is attempting to allege a retaliation claim pursuant to 29 U.S.C. § 215(a)(3). However, the only allegations offered in support thereof are as follows:

> Individual workers were expected to complete the delivery route within a certain range of hours. Defendants refused to allow the individual workers, such as Plaintiff, to accurately record their hours of work. Individual workers who recorded their accurate hours of work were retaliated against by being deprived of other jobs if the managers and supervisors deemed the hours "excessive." Such workers were placed on "do not rehire" lists or simply not offered new delivery assignments. Such retaliation is a violation of the FLSA. *See* 29 U.S.C. 218c(a)(5).[1]

Compl. ¶ 40 ([Docket No. 1](Docket No. 1)).

> Further, Defendants retaliated against any individuals who complained or objected to the manner in which they were classified and paid. Such retaliation is a violation of the FLSA. See 29 U.S.C. 218c(a)(5).

Compl. ¶ 66, ([Docket No. 1](Docket No. 1)).

It also appears that Plaintiff is attempting to assert a claim for a recordkeeping violation by virtue of his inclusion of the following allegations in his Complaint:

---

[1] It appears that the citation to this statute is an error.



4828-7052-6517.1                            1                            4:16-cv-02531-VC
DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

> This is an action to recover unpaid wages and unpaid overtime compensation for time worked under the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq.*, and to address the Defendants' violations of the FLSA recordkeeping provisions 29 U.S.C. 211(c).

Compl. ¶ 58, (Docket No. 1).

> Defendants did not make, keep and/or preserve Plaintiff's records as required pursuant to 29 U.S.C. § 211(c) or file necessary administrative reports related to these records.

Compl. ¶ 62, (Docket No. 1).

As set forth more fully *infra*, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because (i) it does not contain sufficient factual allegations to plausibly state a claim for a violation of the overtime or minimum wage provisions of the FLSA, (ii) it does not contain sufficient factual allegations to plausibly state a claim for a violation of the retaliation provision of the FLSA, and (iii) Plaintiff lacks the ability to sue for an alleged recordkeeping violation because enforcement of this provision lies exclusively with the Secretary of Labor.

## II.     STATEMENT OF THE ISSUE TO BE DECIDED

Whether Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## III.    ARGUMENT

### A.     Legal Standard on a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint as to whether the facts pleaded "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Where an alleged claim for relief lacks sufficient facts under a viable legal theory, that claim must be dismissed. *Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A motion to dismiss that asserts failure to plead sufficient facts should be granted if the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), set a two-step process for analyzing the sufficiency of a complaint. While the Court must accept as true all factual allegations, the Court must exclude or ignore "conclusory statements" or "[t]hreadbare recitals of the elements." *Iqbal*, 129 S. Ct. at 1949. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quotation marks omitted). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950; *Moss v. U.S. Secret Svc.*, 572 F.3d 962, 969 (9th Cir. 2009).

Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

**B.  Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations to Plausibly State a Claim for a Violation of the Overtime or Minimum Wage Provisions of the FLSA.**

As noted in Defendant AT&T Corp.'s Rule 12(b)(6) Motion to Dismiss (Docket No. 30), the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) sets forth the following standard in determining whether a claim alleging violations of the FLSA overtime or minimum wage provisions contained sufficient factual allegations to plausibly state a claim for relief:

> [Plaintiffs] should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. [Plaintiff's] allegations failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week. Instead, as in *Nakahata*, Landers merely alleged that he was not paid for overtime hours worked. Although these allegations raise the possibility of undercompensation in violation of the FLSA, a possibility is not the same as plausibility.

1  *Id*. (internal citations and quotations omitted).

2  District courts within the Ninth Circuit have not hesitated to grant motions to dismiss FLSA claims where, as here, the plaintiff did not include adequate factual detail to plausibly state a claim for relief.  *Perez v. Performance Food Group, Inc.*, 2016 U.S. Dist. LEXIS 38043, * 18-19 (N.D. Cal. March 23, 2016) ("Plaintiff failed to plead any specific details regarding his job duties, and the circumstances under which he worked over forty hours in a week and was not paid in a particular week.  Significantly, the complaint does not include any facts showing that Plaintiff, or any class members, worked more than forty hours in any given week without being compensated for overtime hours.  Accordingly, under *Landers*, these allegations fail to state a plausible claim . . . ."); *see also Clarke v. Leading Hotels of the World, Ltd.*, 2015 U.S. Dist. LEXIS 146859 at * 9-10, fn.1 (S.D.N.Y. Oct. 29, 2015) ("And while Plaintiff invokes the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, she does not provide any specifics about the alleged uncompensated overtime — including the number of hours and days worked, breaks taken, and the like. . . . Accordingly, those claims, too, must fail.") (internal citations omitted).

The same result is appropriate here.  Plaintiff likewise does not include any factual allegations about the number of days and hours that he worked in a specific week, how many breaks he may have taken throughout the workday, the number of telephone directory delivery routes he performed, the number of residences or businesses on any such route, the geographic length of the route, etc.  Plaintiff also does not disclose how much Defendant DDA paid him for these efforts, and compare his pay in any manner to the number of hours he contends he worked.

Accordingly, Plaintiff's claim for violation of the FLSA's overtime and minimum wage provisions must be dismissed for failure to state a claim upon which relief can be granted.

**C.    Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations to Plausibly State a Claim for a Violation of the Retaliation Provision of the FLSA.**

The elements of a claim for retaliation under the FLSA are as follows:

(1)   the plaintiff must have engaged in statutorily protected conduct under § 15(a)(3) of the FLSA, or the employer must have erroneously believed that the plaintiff engaged in such conduct;

(2) the plaintiff must have suffered some adverse employment action; and

(3) a causal link must exist between the plaintiff's conduct and the employment action.

*Singh v. Jutla*, 314 F.Supp.2d 1056, 1059 (N.D. Cal. 2002).

Courts have not hesitated to grant motions to dismiss directed at FLSA retaliation claims where, as here, the Complaint fails to include sufficient allegations to support a plausible retaliation claim. *See*, *e.g.*, *Trowbridge v. Wernicki*, 2015 U.S. Dist. LEXIS 76690 at * 6-15 (D. Conn. June 15, 2015) (granting motion to dismiss retaliation claim); *Wang v. Palisano*, 51 F.Supp.3d 521, 537-41 (S.D.N.Y. 2014) (bald assertions of retaliation, unsupported by any comments, actions, or examples from which the court could infer that the defendants possessed a retaliatory motive, were implausible and insufficient to survive a motion to dismiss).

The same result is appropriate herein. Plaintiff's Complaint is entirely devoid of factual allegations to support his retaliation claim. For example, he does not allege when and how his alleged "employment" with Defendant DDA ended. Moreover, he fails to identify any specific manager that was purportedly responsible for the alleged retaliation for properly recording the time that Plaintiff worked, or include any specific comments that would be sufficient to infer a retaliatory motive. Plaintiff's Complaint also fails to include any facts about the timing of his submission of accurate time records and a purportedly adverse employment action such as a termination or refusal to hire for additional deliveries.

In the absence of same, Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief can be granted.

**D. Plaintiff Lacks the Ability to Sue for an Alleged Recordkeeping Violation Because Enforcement of this Provision Lies Exclusively with the Secretary of Labor.**

To the extent that Plaintiff's Complaint can be construed to attempt to assert a claim for violation of the FLSA recordkeeping provision, 29 U.S.C. § 211(c), it fails to state a claim on which relief can be granted because the Secretary of Labor has the exclusive authority to enforce this provision. *Duff-Brown v. City & County of San Francisco*, 2013 U.S. Dist. LEXIS 6140 at * 18-19,

1  fn.6 (N.D. Cal. Jan. 15, 2013) (FLSA's recordkeeping provisions are enforced through 29 U.S.C. § 217).

In *Duff-Brown*, the Court reasoned as follows:

> Section 217 vests in the district court with jurisdiction to restrain violations of section 215 of this title.  29 U.S.C. § 217.  Section 215(a)(5) incorporates § 211(c), containing the record-keeping provision.  *See Elwell v. Univ. Hospitals Home Care Services*, 276 F.3d 832, 843 (6th Cir. 2002).

*Id*. (internal quotations omitted).

Indeed, there is no private right of action under the FLSA recordkeeping provision.  *East v. Bullock's, Inc.*, 34 F.Supp.2d 1176, 1183 (D. Az. 1998).

Accordingly, Plaintiff's claim for violation of the FLSA recordkeeping provision must be dismissed for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

Based on the foregoing reasons, Defendant DDA respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

DATED: July 22, 2016                    **LEWIS BRISBOIS BISGAARD & SMITH** LLP


By:     /s/ Jeffrey S. Ranen
        Jeffrey S. Ranen
        William C. Sung
        Marcus Lee
        Attorneys for Defendant
        Directory Distributing Associates, Inc.



4828-7052-6517.1                         6                         4:16-cv-02531-VC
DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)