1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  LEO MONIZ (STATE BAR NO. 285571)
   lmoniz@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
4  Sacramento, California  95814-4497
   Telephone:    (916) 447-9200
5  Facsimile:     (916) 329-4900

6  Attorneys for Defendant
   AT&T CORP.

7
8  *Counsel for Plaintiff and Defendant Directory
   Distributing Associates, Inc. listed on next page*

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 JAMES KRAWCZYK,                        Case No. 3:16-cv-02531-VC

14              Plaintiff,                **JOINT CASE MANAGEMENT
                                          STATEMENT**
15       v.
                                          Date:        August 9, 2016
16 DIRECTORY DISTRIBUTING                 Time:        1:30 p.m.
   ASSOCIATES, INC., and AT&T CORP.,      Courtroom: 4, 17th Floor
17                                        Judge:       Hon. Vince Chhabria
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | Mark C. Molumphy (168009) | Richard Mithoff |
| | mmolumphy@cpmlegal.com | rmithoff@mithofflaw.com |
| 2 | Alexandra P. Summer (266485) | Janie Jordan |
| | asummer@cpmlegal.com | jjordan@mithofflaw.com |
| 3 | COTCHETT PITRE & McCARTHY LLP | MITTHOFF LAW |
| | San Francisco Airport Office Ctr | One Allen Center – Penthouse |
| 4 | 840 Malcolm Road, Suite 200 | 500 Dallas Street |
| | Burlingame, CA 94010 | Houston, TX 77002 |
| 5 | Telephone:      (650) 697-6000 | Telephone:    (713) 654-1122 |
| | Facsimile:      (650) 697-0577 | Facsimile:    (713) 739-8085 |
| 6 | | |
| | Judith Sadler | Russell Post |
| 7 | jsadler@holmesdiggs.com | rpost@beckredden.com |
| | Cynthia Diggs | BECK REDDEN |
| 8 | cdiggs@holmesdiggs.com | 1221 McKinney Street, Suite 4500 |
| | Rachel A. Smith | Houston, TX 77010-2010 |
| 9 | rsmith@holmesdiggs.com | Telephone:    (713) 951-3700 |
| | HOLMES, DIGGS, EAMES & SADLER | Facsimile:    (713) 951-3720 |
| 10 | 5300 Memorial Drive, Suite 900 | |
| | Houston, TX 77007 | |
| 11 | Telephone:      (713) 802-1777 | |
| | Facsimile:      (713) 802-1779 | |
| 12 | | |
| | Attorneys for Plaintiff | |
| 13 | JAMES KRAWCZYK | |
| 14 | | |
| 15 | Brian E. McGovern, SB#34677 (MO) | Jeffrey S. Ranen, SB #224285 |
| | bmcgovern@mlklw.com | Jeffrey.Ranen@lewisbrisbois.com |
| 16 | Bryan M. Kaemmerer, #SB 52998 (MO) | William C. Sung, SB #280792 |
| | McCARTHY, LEONARD, KAEMMERER, L.C. | William.Sung@lewisbrisbois.com |
| 17 | 825 Maryville Center Drive, Suite 300 | LEWIS BRISBOIS BISGAARD & |
| | St. Louis, Missouri 63017 | SMITH LLP |
| 18 | Telephone: 314.392.5200 | 633 West 5th Avenue, Suite 4000 |
| | Facsimile: 314.392.5221 | Los Angeles, California 90071 |
| 19 | | Telephone: 213.250.1800 |
| | | Facsimile: 213.250.7900 |
| 20 | | |
| | | Marcus Lee, #SB 281886 |
| 21 | | Marcus.lee@lewisbrisbois.com |
| | | LEWIS BRISBOIS BISGAARD & |
| 22 | | SMITH LLP |
| | | 333 Bush Street, Suite 1100 |
| 23 | | San Francisco, CA 94104-2872 |
| | | Telephone: 415-362-2580 |
| 24 | | Facsimile: 415.434.0882 |
| | Attorneys for Defendant | |
| 25 | DIRECTORY DISTRIBUTING ASSOCIATES, INC. | |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT CASE MANAGEMENT STATEMENT
3:16-cv-02531-VC

Plaintiff James Krawczyk ("Plaintiff") and Defendants Directory Distributing Associates, Inc. ("DDA") and AT&T Corp. (together, "Defendants") (collectively, "the Parties"), hereby respectfully submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, dated November 1, 2014, and Civil Local Rule 16-9, in advance of the Initial Case Management Conference scheduled for August 9, 2016 at 1:30 p.m.

## I.        JURISDICTION AND SERVICE

The Parties agree that this Court has original subject matter jurisdiction over this action because it involves a federal question.  *See* 28 U.S.C. §1331.  Specifically, Plaintiff's claim for relief arises under and relates to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

All parties to the action have been served, and personal jurisdiction is not contested in this case.

AT&T Corp. and DDA intend to file a motion pursuant to 28 U.S.C. §1404(a) to transfer venue to the United States District Court for the Eastern District of Missouri for the convenience of the parties and witnesses, and the interests of justice.

Plaintiffs will oppose that motion and will demonstrate that a substantial part of the activities giving rise to this litigation occurred in the Northern District of California.

## II.       FACTS

### A.        Plaintiff's Statement

Plaintiff James Krawczyk, and others similarly situated, was employed by Defendants DDA and AT&T Corp. and potentially various AT&T Corp. divisions and affiliates, to deliver telephone directories.  Plaintiff and those similarly situated were hired to deliver telephone directories on behalf of various AT&T entities, including AT&T Corp.   Plaintiff, and others similarly situated under the FLSA, 29 U.S.C. §216(b), was denied proper compensation as required by the federal wage and hour laws.  Plaintiff, and others similarly situated, was not paid for all work performed and was not paid overtime.  Plaintiff, and others similarly situated, was improperly classified as an independent contractor when he was, in law and fact, an employee.

Previously, Plaintiff was part of a nationwide collective action that was conditionally certified by the 269th Judicial District for Harris County, Texas, in Cause No. 2011-50578.   This nationwide collective action included workers hired by Defendants to deliver telephone directories and who were paid as independent contractors at any time during the period between June 25, 2009, and December 21, 2012.

Following the opt-in period, Defendants filed a motion to dismiss the non-Texas plaintiffs (who were identified as those who did not live or work in Texas) based on a Texas multi-plaintiff venue statute that requires every plaintiff asserting a claim in a Texas state court to establish proper venue independently. The motion was granted by the state court.  The Fourteenth Court of Appeals in Houston, Texas affirmed the decision and the Texas Supreme Court denied review of the decision.

Subsequently, Plaintiff brought this suit on his own behalf and on behalf of others similarly situated --- the non-Texas opt-ins in the Texas state court action --- relying on the equitable tolling doctrine stated in *Burnett v. New York Central R. Co.*, 380 U.S. 424, 434-35 (1965).

Plaintiff contends that DDA and AT&T Corp. are employers as defined by the FLSA, 29 U.S.C. §203(d), which includes any person acting directly or indirectly in the interest of an employer in relation to an employee.  Plaintiff contends that DDA misclassified Plaintiff and others similarly situated as independent contractors. Plaintiff contends that AT&T Corp. is legally responsible for the contract that governed the terms of employment for the Plaintiff and other delivery workers, including money provided for expenses and bonuses. Employment relationships should be interpreted expansively under the FLSA definitions in order to effectuate the remedial purpose of the Act, which is "to eliminate low wages and long hours." *See 29 U.S.C. §201, et seq.* In construing the Fair Labor Standard Act, the court should be mindful of the directive that the Act is to be liberally construed to apply to the furthest reaches consistent with Congressional direction. *Biggs v. Wilson*, 1 F.3d 1537, 1539, 62 USLW 2107, 1 Wage & Hour Cas. 2d (BNA) 897, 1993 WL 302829 (9th Cir. 1993), *citing Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959).  The FLSA defines "employer" as "any

1    person acting directly or indirectly in the interest of an employer in relation to an employee." 29

2    U.S.C. §203(d). The definition of "employer" under the FLSA "is not limited by the common law

3    concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the

4    FLSA's broad remedial purposes." *Sillah v. Command International Security Services*, ___

5    F.Supp.3d _____ at *11 (N.D. CA 2015); *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

6    For purposes of the California Labor Code, an employer is anyone "who directly or indirectly, or

7    through an agent or any other person, employs or exercises control over the wages, hours, or

8    working conditions of any person." *Sillah v. Command International Security Services*, ___

9    F.Supp.3d _____ at *11 (N.D. CA 2015) *citing* IWC Wage Order No. 4–2001(2)(H).

10           **B.       Defendants' Statements**

11                  **1.      DDA's Statement**

12           DDA maintains that Plaintiff and his proposed class were properly classified as

13    independent contractors such that the FLSA does not apply to them.

14                  **2.      AT&T Corp.'s Statement**

15           AT&T Corp. is not a proper party in this action. AT&T Corp. had no contractual

16    relationship with DDA, and it cannot be held liable for the alleged acts of DDA, a separate

17    corporation.

18           Although the Northern District of California standing order governing the contents of joint

19    case management statements calls for a "brief chronology of the facts" of the case, Plaintiff has

20    instead inappropriately focused on an entirely different case pending in Texas state court.  The

21    Texas action involves different parties and distinct issues.  The plaintiffs in the Texas action are

22    all individuals who lived or worked in Texas.  Here, Plaintiff Krawczyk seeks to bring a

23    *nationwide* FLSA collection action, and has also announced that he may seek to add California

24    state wage-and-hour law claims, as well as a claim pursuant to California's Labor Code Private

25    Attorneys General Act ("PAGA").  *See* Section V, *infra*.  Because the two cases involve different

26    parties and issues, and potentially different claims, AT&T Corp. contends that the Texas action

27    should have no bearing on this Court's case management decisions.

28           However, although the two actions are different, the same attorneys are representing both

the plaintiffs in the Texas state court action and Plaintiff Krawczyk here.  Contrary to Plaintiff's assertion above, AT&T Corp. is not legally responsible for the contract that governed any alleged "terms of employment for the Plaintiff and other delivery workers."  This contract was entered into between DDA, on the one hand, and, on the other, AT&T Services, Inc. on behalf of AT&T Advertising, LP, doing business as AT&T Advertising & Publishing and also doing business as AT&T Advertising Solutions.  No contract exists between AT&T Corp. and DDA.  Despite receiving the contract through discovery in the Texas matter, Plaintiff still chose to sue AT&T Corp. in this matter, presumably because the statute of limitations on Plaintiff's claims against these other AT&T entities has expired.

## III.   LEGAL ISSUES

The disputed points of law at this early stage of the litigation include:

Whether Plaintiff, and those similarly situated, was employed by Defendants within the meaning of 29 U.S.C. §203(e)(1).

Whether Plaintiff, and those similarly situated, was paid for all work performed.

Whether Plaintiff, and those similarly situated, was paid overtime required by law.

Whether Defendants' actions with regard to Plaintiff and those similarly situated were willful and/or in reckless disregard of their obligations under the FLSA, 29 U.S.C. §§207 and 216.

Whether Defendants retaliated against any individuals who complained or objected to the manner in which they were classified and paid in violation of 29 U.S.C. §216(b).

Whether AT&T Corp. is an improperly named defendant in this matter because it cannot be held liable for the alleged acts of DDA.

Whether any other AT&T entity is properly named as a defendant because it was an employer of Plaintiff and others similarly situated and can be held liable for the alleged acts.

Whether Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Whether discovery as to AT&T Corp. should be stayed pursuant to Federal Rule of Civil Procedure 26(c) pending adjudication of AT&T Corp.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

JOINT CASE MANAGEMENT STATEMENT
3:16-cv-02531-VC

Whether a transfer of venue pursuant to 28 U.S.C. §1404(a) should be granted for the convenience of the parties and witnesses, and in the interest of justice.

Whether Defendants failed to comply with the FLSA with regard to Plaintiff and the putative collective action members.

Whether AT&T Corp. was a joint employer of Plaintiff and the putative collective action members.

Whether any other AT&T entity was a joint employer of Plaintiff and the putative collective action members.

This list is preliminary and not exhaustive, at this early stage of the proceedings.

## IV.    MOTIONS

### A.    Pending Motions

On July 18, 2016, AT&T Corp. filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's opposition is due on August 29, 2016 and AT&T Corp.'s reply is due on September 22, 2016.  (*See* Joint Stipulation and Order Regarding Motion to Dismiss Briefing Schedule and Stay of Discovery (Dkt. No. 39) ("Joint Stipulation and Order").)  AT&T Corp.'s Motion to Dismiss is set for hearing on October 6, 2016.

On July 25, 2016, DDA filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's opposition is due on August 29, 2016 and DDA's reply is due on September 22, 2016.  (*See* Joint Stipulation and Order.)  DDA's Motion to Dismiss is also set for hearing on October 6, 2016.

On or before August 3, 2016, Plaintiff and AT&T Corp. will file a Joint Letter pursuant to the Joint Stipulation and Order.  The Parties anticipate that the Court will address the Joint Letter at the Initial Case Management Conference.

### B.    Anticipated Motions

#### 1.    Plaintiff

At an appropriate time following the disposition of the pending Rule 12 motions, Plaintiff anticipates filing a motion pursuant to 29 U.S.C. §216 (b) for judicially-supervised notice and conditional certification of a collective action.

JOINT CASE MANAGEMENT STATEMENT
3:16-cv-02531-VC

1    Plaintiff proposes that Defendant AT&T Corp. file its anticipated motion to transfer

2    venue, noted below, forthwith, to be heard concurrent to Defendants' Motions to Dismiss, which

3    are scheduled for a hearing on October 6, 2016.

4              **2.      Defendant DDA**

5    In addition to its pending Motion to Dismiss, DDA anticipates filing a motion pursuant to

6    28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Eastern District

7    of Missouri for the convenience of the parties and witnesses, and in the interests of justice.

8    DDA may also move for judgment on the pleadings and/or for summary judgment.

9              **3.      Defendant AT&T Corp.**

10   In addition to its pending Motion to Dismiss, AT&T Corp. anticipates filing a motion

11   pursuant to 28 U.S.C. §1404(a) to transfer venue to the United States District Court for the

12   Eastern District of Missouri for the convenience of the parties and witnesses, and in the interest/

13   of justice.

14   AT&T Corp. may also move for judgment on the pleadings and/or for summary judgment.

15   AT&T Corp. is also contemplating a motion pursuant to Rule 11 of the Federal Rules of

16   Civil Procedure.

17   **V.    AMENDMENT OF PLEADINGS**

18        **A.      Plaintiff**

19   Given the pending Rule 12 motions, it is premature to set a pleading deadline.

20   Defendant AT&T Corp.'s pending Rule 12(b)(6) motion raises questions about the

21   identity of the AT&T entities responsible for the conduct in question, as well as challenges to the

22   specificity of the Plaintiff's allegations under *Twombly* and *Iqbal*.  Defendant DDA's pending

23   Rule 12(b)(6) motion raises similar issues regarding specificity.  Those challenges may

24   necessitate amendments to the pleadings and/or addition of other AT&T defendants, although

25   Plaintiff believes the current pleadings are sufficient and AT&T Corp. is properly named as a

26   defendant responsible for the conduct in question.  Plaintiff suggests that the deadline for

27   amendments be a reasonable time after the ruling on the Rule 12 motions.

28   In addition, Plaintiff may move to amend his complaint to add appropriate claims of

JOINT CASE MANAGEMENT STATEMENT
3:16-cv-02531-VC

1   California state law violations.   Plaintiff is evaluating the addition of violations of California

2   wage and hour laws by defendants as well as a PAGA (Private Attorney General Act) claim.

3   Plaintiff will keep the Court advised on the timing of when any such additional claims are

4   contemplated.

5           **B.**      **Defendant DDA**

6         DDA moved to dismiss Plaintiff's Complaint with prejudice and has not yet filed an

7   Answer.

8           **C.**      **Defendant AT&T Corp.**

9         AT&T Corp. moved to dismiss Plaintiff's Complaint with prejudice and has not yet filed

10   an Answer.

11   **VI.**    **EVIDENCE PRESERVATION**

12         The Parties have reviewed the Guidelines Relating to the Discovery of Electronically

13   Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f)

14   regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

15   reasonably evident in this action.  The Parties are continuing to meet and confer regarding details

16   pertaining to Electronically Stored Information and the production of ESI that pertains to the

17   issues in the case.

18   **VII.**   **DISCLOSURES**

19         Pursuant to the Joint Stipulation and Order, all discovery, including initial disclosures, is

20   presently stayed until the Initial Case Management Conference, subject to further orders of the

21   Court at that conference.  The Parties will make any Initial Disclosures within fourteen days after

22   the Initial Case Management Conference or as otherwise ordered by the Court.

23           **A.**      **Plaintiff's Statement**

24         In the Texas state court action, Plaintiffs have identified their experts and disclosed a

25   method of calculating damages.

26           **B.**      **Defendant DDA's Statement**

27         DDA will make Initial Disclosure within fourteen days after the Initial Case Management

28   Conference or as otherwise ordered by the Court pursuant to the parties' stipulation.

C.    **Defendant AT&T Corp.'s Statement**

Plaintiff Krawczyk is not a party to the Texas state court action.  AT&T Corp. contends that the disclosure of experts and method of calculating damages by plaintiffs in the Texas action is not pertinent here.

AT&T Corp. requests that the Court order that all discovery, including initial disclosures, remain stayed pending adjudication of AT&T Corp.'s Motion to Dismiss.

**VIII.   DISCOVERY**

Pursuant to the Joint Stipulation and Order, all discovery is presently stayed until the Initial Case Management Conference, subject to further orders of the Court.  As reflected in the Joint Letter, Plaintiff and AT&T Corp. dispute whether discovery should remain stayed pending the Court's adjudication of AT&T Corp.'s Motion to Dismiss.

A.    **Plaintiff's Statement**

There is an outstanding discovery order in the related litigation in Texas state court.  On November 10, 2015, the court ordered Defendant AT&T Corp. to produce all non-privileged documents responsive to Plaintiffs' First Request for Production by November 25, 2015.  To date, AT&T Corp. has only produced an unredacted copy of the Material and Services Agreement ("Contract"), which is purportedly the contract governing the delivery of AT&T Corp. phone books by DDA.  No other discovery was forthcoming.

Much of the discovery requested in the Texas state action will be material to the present action. Plaintiffs have requested that AT& T Corp. comply with the Texas state court's order and immediately produce the following categories of documents:

- Any Orders issued under the Contract;

- Any documents, including correspondence, memoranda, and emails relating to AT&T Corp.'s ownership of AT&T Telephone Directories delivered pursuant to the Contract;

- Any documents, including correspondence, memoranda, and emails relating to AT&T Corp. transacting business with DDA pursuant to the Contract;

- Any documents, including correspondence, memoranda, and emails relating to the affiliate relationship between AT&T Corp. and any AT&T entities directly or indirectly named in the contract, including but not limited to: AT&T Services, Inc.,

AT&T Advertising, LP, AT&T Advertising and Publishing, and AT&T Advertising Solutions;

• Any documents, including correspondence, memoranda, and emails relating to AT&T Corp. assigning or causing AT&T Services, Inc. or any other AT&T entity to assign any interest in the Contract to any entity;

• Any other documents, including but not limited to guidelines, rules, instructions, or policies relating to delivery of and compensation for delivery of AT&T Telephone Directories, identified in Plaintiffs' First Request for Production in the Texas action.

As of the date of this filing, Defendant AT&T Corp. has not fully complied with the state-court discovery order.  A hearing is scheduled before the state court on August 19, 2016, to compel compliance with this order.

### B.   Defendant AT&T Corp.'s Statement

The discovery dispute in the Texas action is not relevant here.  Moreover, AT&T Corp. has and continues to maintain that the plaintiffs in the Texas action sued the wrong entity, just as Plaintiff Krawczyk has done here.  AT&T Corp. will file a response to the Supplement to Motion to Enforce Court Order filed by the plaintiffs in the Texas action.  AT&T Corp. anticipates that it will inform the Texas court that it does not have any further discoverable documents beyond those it has produced.  *See In re U-Haul Int'l, Inc.*, 87 S.W.3d 653, 656–57 (Tex. App. 2002) (holding that trial court abused its discretion in sanctioning defendant for failing to produce documents from its alleged sibling company, where plaintiffs failed to meet their burden to prove that defendant had "possession, custody, or control" of responsive documents or the right to obtain possession of the requested documents from the sibling company).

### C.   Plaintiff's Discovery Plan

Plaintiff has proposed a joint discovery schedule that would unify discovery between this litigation and the state-court litigation.  Plaintiffs believe that discovery should proceed immediately on all aspects of this litigation, especially on matters of the relationship between AT&T Corp. and the other AT&T entities referenced in the Rule 12(b)(6) motions.  In addition to sending written discovery, Plaintiff will seek the depositions of corporate representatives for both defendants as well as the depositions of individuals who have particular factual knowledge of the events at issue.  Plaintiff also anticipates deposing any experts identified by defendants.

**D.**      **DDA's Discovery Plan**

DDA requests that the Court set a further case management conference after the adjudication of the Motions to Dismiss and any motion(s) to dismiss any amended complaint(s), should the Court not transfer this action.  Accordingly, DDA believes that the issues set forth by AT&T Corp. in (A) – (F) below cannot presently be addressed.

**E.**      **AT&T Corp.'s Discovery Plan**

AT&T Corp. is not a proper party and should be dismissed from this action.  Accordingly, for the reasons it will set forth in the Joint Letter, AT&T Corp. contends that all discovery, including initial disclosures, should be stayed pending adjudication of the Motion to Dismiss, and that no discovery as to AT&T Corp. will be required.

AT&T Corp. further believes that it will be impossible to assess what discovery might be required as to AT&T Corp. until and unless the pleadings have closed and AT&T Corp. remains in the action.  AT&T Corp. respectfully requests that the Court set a further case management conference after the adjudication of the Motion to Dismiss and any motion(s) to dismiss any amended complaint(s), should the Court not transfer this action.

AT&T Corp. believes that the following issues cannot presently be addressed:

(A)      what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a);

(B)      the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C)      any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D)      any issues about claims of privilege or of protection as trial-preparation materials;

(E)      what changes in the limitations on discovery should be made; and

(F)      any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

Should the Court deny AT&T Corp.'s Motion to Dismiss and decline to transfer the action

JOINT CASE MANAGEMENT STATEMENT
3:16-cv-02531-VC

1  pursuant to 28 U.S.C. §1404(a), and/or should AT&T Corp. file an Answer, AT&T Corp. will be

2  prepared at that time to confer with Plaintiff and DDA regarding items (A)–(F) above, and

3  proposes that, if necessary, the Parties be directed to file a supplemental case management

4  statement at such time, which the Court may address at a future case management conference.

5  **IX.**    **CLASS ACTIONS**

6        **A.**    **Plaintiff**

7        Plaintiff anticipates filing a motion pursuant to 29 U.S.C. §216(b) for judicially-

8  supervised notice and conditional certification of a collective action. Plaintiff anticipates filing his

9  motion for judicially-supervised notice and conditional certification of a collective action within

10  thirty (30) days after the Defendants answer the complaint (following a ruling on the pending

11  Rule 12 motions).

12        The original action was conditionally certified by Judge Dan Hinde in Texas state court.

13  Following the conditional certification, defendants moved to dismiss the individual opt-in parties

14  who did not live or work in Texas based on requirements of the Texas venue statutes.  Judge

15  Hinde subsequently divided the collective action between individuals who lived and/or worked in

16  Texas and individuals who did not live and/or work in Texas ("non-Texas plaintiffs") based on

17  his interpretation of the Texas venue statue, and dismissed the non-Texas plaintiffs.

18        After the state court order dividing the case based on Texas venue requirements was

19  affirmed on appeal, Plaintiff filed this action on behalf of himself and the non-Texas plaintiffs,

20  i.e. individuals who did not live and/or work in Texas.  This action was timely filed as the order

21  dismissing the non-Texas plaintiffs was suspended for the duration of any appeals regarding the

22  Order of dismissal and the final order denying the non-Texas plaintiff's appeal has yet to issue.

23  The U.S. Supreme Court has long recognized that when a federal complaint is filed in state court

24  and dismissed for improper venue, "the limitation provision is tolled until the state court order

25  dismissing the state action becomes final by the running of the time during which an appeal may

26  be taken or the entry of a final judgment on appeal."  *Burnett v. New York Central R. Co.,* 380

27  U.S. 424, 434-35 (1965).

28        Plaintiff previously secured conditional certification of a nationwide collective action in

1   the state-court litigation, consisting of all workers who were hired by Defendants to deliver

2   telephone directories and who were paid as independent contractors at any time during the period

3   between June 25, 2009 and December 21, 2012.  Plaintiff previously filed with the Court 16,975

4   consents for the non-Texas opt-in claimants that were dismissed from the Texas Collective Action

5   based on the Texas venue statute.  Plaintiff anticipates that the definition of the nationwide

6   collective action in this litigation will be the same as the definition approved by the state court in

7   the Texas litigation, with the exclusion of claimants who remain participants in the state-court

8   litigation.

9           **B.      Defendant DDA**

10          DDA disputes that this action is suitable for collective treatment under the FLSA and will

11  oppose any motion for certification.  Furthermore, DDA believes that it would be premature to set

12  any briefing schedule for Plaintiff's motion for collective certification until after the Court has

13  resolved the issues raised in DDA's pending Motion to Dismiss and has adjudicated the

14  anticipated motion to transfer venue.

15          **C.      Defendant AT&T Corp.'s Statement**

16          AT&T Corp. disputes that this action is suitable for collective treatment under the FLSA

17  and will oppose any motion for certification.  Furthermore, AT&T Corp. believes that it would be

18  premature to set any briefing schedule for Plaintiff's motion for conditional certification until

19  after the Court has resolved the issues raised in AT&T Corp.'s pending Motion to Dismiss and

20  has adjudicated the anticipated motion to transfer venue.

21          AT&T Corp. anticipates that it would also oppose any motion for class certification,

22  should Plaintiff be permitted to assert state law claims and move for class certification of those

23  claims pursuant to Federal Rule of Civil Procedure 23.

24  **X.      RELATED CASES**

25          The case of *Walker, et al. vs. Directory Distributing Associates, Inc., et al.*, No. 2011-

26  50578, is currently pending in the District Court of Harris County, Texas, 269th Judicial District.

27

28

## A.     Plaintiff's Statement

This action was conditionally certified as a collective action and court-approved notice was sent to potential opt-in class members who had been hired to deliver AT&T phone books during the class period.   19,514 opt-in claimants filed their consents to participate in the Texas action.  The claims of the Texas opt-in claimants remain pending.  Defendant AT& T Corp. raised similar issues in the Texas action with regard to its status as a proper party.  AT&T Corp. sought dismissal from the Texas action by way of summary judgment, but its motion was denied.  Subsequently, the non-Texas opt-in claimants, 16,975 claimants, were dismissed from the action based on a venue provision which limited claims in Texas state court to those plaintiffs who could independently establish venue. *See* Tex. Civ. Prac. &  Rem. Code Ann. §15.003.

The case is currently set for trial on October 17, 2016, but the parties have agreed to request that the scheduling order deadlines be extended for nine (9) months.    The dates for designation of experts, discovery cutoff, hearing on dispositive motions, pretrial conference and trial will, if approved by the state court, be extended to:

| | |
|---|---|
| Plaintiffs' designation of experts | January 20, 2017 |
| Defendants' designation of experts | February 20, 2017 |
| Discovery cutoff | April 17, 2017 |
| Hearing on dispositive motions | May 17, 2017 |
| Pretrial conference | July 7, 2017 |
| Trial | July 17, 2017 |

Plaintiff will file his Notice of Pendency of Related Actions on or before August 8, 2016.

## B.     Defendant AT&T Corp.'s Statement

AT&T Corp. reiterates that the Texas action involves different parties and issues than this purported nationwide collective action, in which Plaintiff may also seek to add California state law claims.  *See* Section V, *supra*.   Furthermore, the Texas action has been pending since 2011, while this case was filed on May 10, 2016.  *See* Compl. (Dkt. No. 1).   The pleadings in this action are not yet closed.  AT&T Corp. also intends to move to transfer venue.  Should Plaintiff's Complaint be dismissed with leave to amend, AT&T Corp. anticipates that it would likely move to dismiss any amended complaint Plaintiff may file.  In addition, AT&T Corp. expects to oppose

1   Plaintiff's motion for collective certification, should it remain a party.  AT&T Corp. would also

2   likely oppose class certification under Rule 23 of any state law claims Plaintiff may be permitted

3   to assert against AT&T Corp.  Given that the parties, venue, claims, and class and collective

4   certification all remain unsettled in this case, the two actions are in distinctly different postures.

5   **XI.   RELIEF**

6   **A.   Plaintiff**

7        Plaintiff seeks relief for himself and others similarly situated for the failure of Defendants

8   to pay proper compensation for all hours they worked and for all hours worked in excess of forty

9   (40)  in a work week.  Plaintiff also seeks liquidated damages and penalties as provided by law

10   with interest, as well as reasonable attorneys' fees, costs and expenses pursuant to the FLSA.

11   The amount of damages sought will be calculated based upon time and motion studies from an

12   analysis of the observation of tasks associated with the delivery of telephone books.  This analysis

13   included observations of the actual delivery process for the telephone books and the time it took a

14   worker such as the Plaintiff and other similarly situated class members to perform tasks related to

15   the delivery process, such as training, loading telephone books, bagging telephone books, and

16   required route paperwork.

17        The damages calculation will also be based upon the routes, hours, payments, and books

18   delivered information provided by Defendants for the Plaintiff and others similarly situated.  As

19   of this date, Defendants have not furnished this information to Plaintiffs.  Because these records

20   are uniquely within Defendants' control, Plaintiffs are unable to specify the amount of damages in

21   greater detail at this time.

22   **B.   Defendant DDA**

23        Given their status as independent contractors, DDA denies that Plaintiff and the proposed

24   collective action members are entitled to recover damages, liquidated damages, penalties, fees,

25   costs, or any other form of damages or relief from it.

26   **C.   Defendant AT&T Corp.**

27        AT&T Corp. is not a proper party to this lawsuit.  Thus, AT&T Corp. denies that Plaintiff

28   and the proposed collective action members are entitled to recover damages, liquidated damages,

1   penalties, fees, costs, or any other form of damages or relief from AT&T Corp.    AT&T Corp.

2   also denies that it possesses any information regarding "the routes, hours, payments, and books

3   delivered" referenced by Plaintiff above.

4   **XII.   SETTLEMENT AND ADR**

5   Pursuant to ADR Local Rule 3-5, counsel for the Parties have met and conferred regarding

6   an ADR process for this case and filed a Notice of Need for ADR Phone Conference to request an

7   Early Settlement Conference with a Magistrate Judge on July 27, 2016 (Dkt. No. 37).  The Court

8   has scheduled an ADR Phone Conference call for August 3, 2016 at 10:30 a.m. (*see* Dkt. No. 38).

9   Plaintiffs and DDA have conducted a one-day mediation in the state-court litigation,

10   which resulted in ongoing discussions.

11   **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

12   AT&T Corp. has declined to proceed before a magistrate judge for all purposes.

13   **XIV.   OTHER REFERENCES**

14   The Parties do not currently believe that this case is suitable for reference to binding

15   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16   **XV.   NARROWING OF ISSUES**

17   **A.   Plaintiff**

18   Plaintiffs believe it is premature to identify issues that can be narrowed by motion or by

19   agreement and do not currently have suggestions to expedite the presentation of evidence or to

20   bifurcate any issues, claims, or defenses.   Plaintiffs will propose such alternatives to the parties

21   and the Court should they become evident as the litigation proceeds. Ultimately, depending on the

22   development of the case, the Plaintiff may file a motion to adjudicate liability of the defendants

23   for violations of the Fair Labor Standards Act, which would result in a trial on damages only.

24   **B.   Defendant DDA**

25   DDA believes that a ruling adjudicating Defendants' pending Motions to Dismiss may

26   narrow the issues in this action.

27   **C.   Defendant AT&T Corp.**

28   AT&T Corp. believes that the issues in this action can be narrowed by granting AT&T

1    Corp.'s Motion to Dismiss.

2    **XVI.   EXPEDITED TRIAL PROCEDURE**

3           The Parties do not believe that this case should be handled on an expedited basis.

4    **XVII. SCHEDULING**

5           **A.     Plaintiff**

6           Plaintiff proposes the scheduling in this action be coordinated with the proposed dates in

7    the Texas state action:

8

9    | Plaintiffs' designation of experts | January 20, 2017 |
10   | Defendants' designation of experts | February 20, 2017 |
     | Discovery cutoff | April 17, 2017 |

11   | Hearing on dispositive motions | Consistent with the following hearing date in |
12   | | the Texas action: May 17, 2017 |

13   | Pretrial conference | Consistent with the following conference date |
     | | in the Texas action: July 7, 2017 |

14

15   | Trial | Consistent with the following trial date in the |
     | | Texas action: July 17, 2017 |

16          **B.     Defendant DDA**

17          DDA believes it is premature to address dates for designation of experts, discovery cutoff,

18   hearing of dispositive motions, pretrial conference, and trial, as it has yet to be determined

19   whether Plaintiff has stated a claim for which relief can be granted.  The Court should also first

20   adjudicate the anticipated motion to transfer venue.

21          **C.     Defendant AT&T Corp.**

22          AT&T Corp. believes it is premature to address dates for designation of experts, discovery

23   cutoff, hearing of dispositive motions, pretrial conference, and trial, as it has yet to be determined

24   whether Plaintiff has stated a claim upon which relief can be granted, and AT&T Corp. contends

25   it is not a proper party.  AT&T Corp. notes that Plaintiff himself has asserted that it is premature

26   to set a *pleading* deadline.  *See* Section V, *supra*.  The Court should also first adjudicate the

27   anticipated motion to transfer venue.  If Plaintiff's Complaint is dismissed with leave to amend,

28   AT&T Corp. would likely move to dismiss any amended complaint Plaintiff may file.  If AT&T

1   Corp. remains a party, it would likely oppose Plaintiff's motion for conditional certification and

2   any motion pursuant to Rule 23 for class certification of state law claims.

3       AT&T Corp. contends that the Court should hold a further case management conference,

4   if necessary, after the pleadings are closed, at which the Court can address whether dates can then

5   be set for briefing on Plaintiff's motion for conditional certification and any motion for class

6   certification, as well as for the designation of experts, discovery cutoff, hearing of dispositive

7   motions, pretrial conference, and trial.

8   **XVIII. TRIAL**

9       **A.      Plaintiff**

10      Plaintiff requested a jury trial and anticipates that trial will last at least 10 days, depending

11  on the number of witnesses.

12      **B.      Defendant DDA**

13      DDA believes it is premature to address whether the case will be tried to a jury or to the

14  Court and the expected length of trial before the Court has adjudicated the pending Motions to

15  Dismiss, the anticipated motion to transfer venue, and ruled on Plaintiff's request to have this

16  case conditionally certified (and, to the extent that it is conditionally certified, whether

17  decertification is appropriate).

18      **C.      Defendant AT&T Corp.**

19      AT&T Corp. believes it is premature to address whether the case will be tried to a jury or

20  to the Court and the expected length of the trial before the Court has adjudicated the pending

21  Motion to Dismiss and anticipated motion to transfer venue, and until the pleadings are closed

22  and the issue of collective and/or class certification has been addressed.

23  **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

24      **A.      Plaintiff**

25      Plaintiff will file his Certification of Interested Entities or Persons on or before August 8,

26  2016, as required by L.R. 3-15.

27      **B.      Defendant DDA**

28      DDA will file its Certification of Interested Entities or Persons on or before August 8,

1   2016, as required by L.R. 3-15.

2        **C.**    **Defendant AT&T Corp.**

3        AT&T Corp. filed its Certification of Interested Entities or Persons on July 18, 2016 (Dkt.

4   No. 29).  As noted therein, Defendant AT&T Corp., a New York corporation, is a wholly owned

5   subsidiary of AT&T Inc.  AT&T Inc., a Delaware corporation, is a publicly traded company on

6   the New York Stock Exchange. There is no one person or group that owns 10% or more of the

7   stock of AT&T Inc.

8   **XX.**    **PROFESSIONAL CONDUCT**

9        All attorneys of record for the Parties have reviewed the Guidelines for Professional

10  Conduct for the Northern District of California.

11

12  Dated:  August 2, 2016          Mark C. Molumphy

13                        Alexandra P. Summer
                      COTCHETT PITRE & MCCARTHY LLP

14                        Judith Sadler

15                        Cynthia Diggs
                      Rachel Smith

16                        HOLMES, DIGGS, EAMES & SADLER

17                        Russel Post
                      BECK REDDEN

18                        Richard Mithoff

19                        Janie Jordan
                      MITHOFF LAW

20                        By:       /s/ Richard Mithoff

21                            RICHARD MITHOFF

22                          Attorneys for Plaintiff
                        JAMES KRAWCZYK

23

24

25

26

27

28

                      - 19 -                JOINT CASE MANAGEMENT STATEMENT

Dated:  August 2, 2016

Jeffrey S. Ranen
William C. Sung
Marcus Lee
LEWIS BRISBOIS BISGAARD & SMITH LLP

Brian E. McGovern
Bryan M. Kaemmerer
McCARTHY, LEONDARD, KAEMMERER L.C.

By:           /s/ William C. Sung
_____

WILLIAM C. SUNG
Attorneys for Defendant
DIRECTORY DISTRIBUTING ASSOCIATES, INC.

Dated:  August 2, 2016

Respectfully submitted,
Julie A. Totten
Leo Moniz
ORRICK HERRINGTON & SUTCLIFFE LLP

By:           /s/ Julie A. Totten
_____

JULIE A. TOTTEN
Attorneys for Defendant
AT&T CORP.

## **Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I, Julie A. Totten, hereby attest that I have obtained concurrence in the filing of this document from the other signatories to this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2016, in Sacramento, California.

/s/ Julie A. Totten
_____

JULIE A. TOTTEN
Attorneys for Defendant
AT&T CORP.

- 20 -