**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
WILLIAM C. SUNG, SB# 280792
  E-Mail: William.Sung@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

MARCUS LEE, SB# 281886
  E-Mail: Marcus.Lee@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

**McCARTHY, LEONARD, KAEMMERER, L.C.**
BRIAN E. MCGOVERN, SB#34677 (MO)
  E-Mail: bmcgovern@mlklaw.com
BRYAN M. KAEMMERER, SB#52998 (MO)
  E-Mail: bkaemmerer@mlklaw.com
825 Maryville Centre Drive, Suite 300
St. Louis, Missouri 63017
Telephone: 314.392.5200
Facsimile: 314.392.5221
*Pro Hac Vice Application Pending*

Attorneys for Defendant Directory Distributing Associates, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KRAWCZYK, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRECTORY DISTRIBUTING ASSOCIATES, INC. and AT&T CORP.,<br><br>Defendants. | CASE NO. 3:16-cv-02531-VC<br><br>Honorable Vince Chhabria<br>Courtroom 4<br><br>**DEFENDANT DIRECTORY DISTRIBUTING ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   Vince Chhabria<br>Date:    December 1, 2016<br>Time:    10:00 a.m.<br>Place:   Dept. 4<br>Action Filed:   May 10, 2016<br>Trial Date:      None Set |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEATE TAKE NOTICE that on December 1, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Vince Chhabria in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendant Directory Distributing Associates, Inc. ("DDA") will move the Court for an order dismissing with prejudice Plaintiffs James Krawczyk and David Estrada's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the completes files and records in this action, any reply papers DDA may file, any matters of which the Court takes judicial notice, and such materials or argument as may be presented to the Court at the hearing on this Motion.

DATED: September 16, 2016          **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By:     */s/ William C. Sung*
        Jeffrey S. Ranen
        William C. Sung
        Attorneys for Defendant Directory Distributing
        Associates, Inc.

DATED: September 16, 2016          **McCARTHY, LEONARD, KAEMMERER, L.C.**


By:     */s/ Bryan M. Kaemmerer*
        Brian E. McGovern
        Attorneys for Defendant Directory Distributing
        Associates, Inc.



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Overview Of Plaintiff's Amended Complaint

The essence of Plaintiffs' Amended Complaint is that Defendant Directory Distributing Associates, Inc. ("DDA") improperly classified them (and the class they seek to represent) as independent contractors, and that it therefore paid them improperly under the Fair Labor Standards Act. Despite the voluminous nature of Plaintiffs' Amended Complaint, when it is stripped of its bare legal conclusions and innuendo, it is still devoid of factual allegations sufficient to cross the threshold from the mere possibility of being entitled to relief to plausibility.

DDA has filed a separate Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint filed by the AT&T/YP Defendants given that the arguments set forth therein (other than the joint employer argument) are equally applicable to it. *Willis v. Pacific Maritime Association*, 1997 U.S. Dist. LEXIS 12249 at * 6-7 (N.D. Cal. 1997) ("It is a common occurrence for parties to join in the motions of other parties on the same side in a case. Parties join in motions in both civil and criminal cases before this court. . . . If the grounds stated in the motion are applicable to the joining party as well as the moving party, it would be wasteful for them to file separate motions. Accordingly, the court will consider PMA's motion to have been made on behalf of the union entities as well.").

However, DDA also files this separate Motion to Dismiss that addresses the dearth of factual allegations in Plaintiffs' Amended Complaint that are directed toward it. Accordingly, Plaintiffs' Amended Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Plaintiffs' Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because It Does Not Contain Sufficient Factual Allegations To Plausibly State A Claim For A Violation Of The Overtime Or Minimum Wage Provisions Of The FLSA.

As noted in the AT&T/YP Defendants' Motion to Dismiss, the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) set forth the following standard in determining whether a claim alleging violations of the FLSA overtime or minimum wage

provisions contained sufficient factual allegations to plausibly state a claim for relief:

> "[Plaintiffs] should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. [Plaintiff's] allegations failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week. Instead, as in Nakahata, Landers merely alleged that he was not paid for overtime hours worked. Although these allegations raise the possibility of undercompensation in violation of the FLSA, a possibility is not the same as plausibility." *Id.* (internal citations and quotations omitted).

District courts within the Ninth Circuit have not hesitated to grant motions to dismiss FLSA claims where, as here, the plaintiff did not include adequate factual detail to plausibly state a claim for relief. *Perez v. Performance Food Group, Inc.*, 2016 U.S. Dist. LEXIS 38043 at * 18-19 (N.D. Cal. 2016) ("Plaintiff failed to plead any specific details regarding his job duties, and the circumstances under which he worked over forty hours in a week and was not paid in a particular week. Significantly, the complaint does not include any facts showing that Plaintiff, or any class members, worked more than forty hours in any given week without being compensated for overtime hours. Accordingly, under Landers, these allegations fail to state a plausible claim . . . ."). *See also Clarke v. Leading Hotels of the World, Ltd.*, 2015 U.S. Dist. LEXIS 146859 at * 9-10, fn.1 (S.D. NY 2015) ("And while Plaintiff invokes the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, she does not provide any specifics about the alleged uncompensated overtime — including the number of hours and days worked, breaks taken, and the like. . . . Accordingly, those claims, too, must fail.") (internal citations omitted).

### 1. Plaintiff David Estrada

Plaintiff Estrada fails to meet this standard. Nowhere in the Amended Complaint does Plaintiff Estrada include any factual allegations about the number of days and hours that he worked in a specific week, how many breaks he may have taken throughout the workday, the number of telephone directory delivery routes he performed, the number of residences of businesses on any such route, the geographic length of the route, etc.

Plaintiff Estrada likewise does not disclose how much DDA paid him for these efforts, or compare his pay in any manner to the number of hours he contends he worked. Indeed, the only allegations that Plaintiff Estrada includes in the Amended Complaint is that he "delivered AT&T

telephone directories and was paid as an independent contractor" (¶ 22).  Moreover, given that Plaintiff Estrada is the sole proposed class representative of the 2013-2016 class, the viability of the entire class hinges on the viability of his individual claim such that it is likewise necessary for the Court to dismiss the 2013-2016 class as well.

Accordingly, Plaintiff Estrada's claim for violation of the FLSA's overtime and minimum wage provisions must be dismissed for failure to state a claim upon which relief can be granted.

### 2.   Plaintiff James Krawczyk

The only new relevant factual allegations that Plaintiff James Krawczyk includes in his Amended Complaint appear at ¶ 172.  However, these new allegations still do not allow Plaintiff Krawczyk to get past a Motion to Dismiss.

With regard to his overtime claim, nowhere in his Amended Complaint does Plaintiff Krawckyk discuss how much DDA actually paid him in a particular workweek.  This is curious given that DDA paid its delivery workers per route that they completed – i.e. they were not paid a flat hourly rate.  Accordingly, there is no factual basis to support Plaintiff Krawczyk's assertion that "he was only paid for 40 hours worked during that period" given that his pay was based on deliveries completed, not hours worked.  (Amend. Comp. at ¶ 172.)

Given the task-based nature of his compensation, the Court does not have sufficient factual information to determine whether Plaintiff Krawczyk states a plausible claim for overtime because it is necessary to determine the total amount of compensation that he received each week in order to perform the mathematical calculations to determine if he was paid properly.  Without this key lynchpin, his overtime claim still does not state a plausible claim for relief.

With regard to his minimum wage claim, Plaintiff Krawczyk likewise does not identify a specific week in which he was purportedly denied the minimum wage.  *Bryd v. Masonite Corp.*, 2016 U.S. Dist. LEXIS 23435 at * 9 (C.D. Cal. 2016) (granting motion to dismiss minimum wage claim where plaintiff failed to identify a specific instance in which he was denied a minimum wage).

In this regard, Plaintiff Krawczyk's allegations are remarkably similar to those that were rejected as being insufficient in *Leavert v. Trump Ruffin Tower I, LLC*, 2015 U.S. Dist. LEXIS

3266 at * 6 (D. Nev. 2015). In *Leavert*, the plaintiff alleged that defendant violated the minimum wage provisions of the FLSA by failing to pay them "for all hours worked." *Id.* Initially, the Leavert court noted that "[s]uch an allegation fails to understand the standard applicable to minimum wage cases. *Id.* Thus, "[i]f Plaintiff's average weekly pay does not fall below $7.25 per hour, then the FLSA does not grant them a remedy for minimum wage violations. This is so regardless of whether they were actually paid for each hour worked." *Id.*

In applying this standard to reject the plaintiffs' allegations, the *Leavert* court reasoned as follows:

> "Plaintiffs' Complaint does not contain enough facts for the Court to determine whether they were, in fact, paid below the minimum wage amount. Plaintiffs fail to even state the hourly wage at which they were paid while employed by Defendant. Thus, even if the Court accepts as true that Defendant required Plaintiffs to perform various activities off-the-clock, there are no facts in the Complaint that allows the Court to infer that the total amount of compensation received by Plaintiffs for a given workweek fell below the amount due under Section 206. The Court, therefore, GRANTS Defendant's motion as to Plaintiffs' first cause of action." *Id.*

Plaintiff Krawczyk's allegations are materially indistinguishable. For example, Plaintiff Krawczyk merely alleges that he failed to receive sufficient compensation to pay the minimum wage for all hours worked (¶ 172), but he fails to include any allegations about (i) the applicable minimum wage at the time he performed the work, or (ii) state the hourly compensation that he actually received in any workweek. For this additional reason, his minimum wage claim must also fail as a matter of law.

///
///
///
///
///
///
///
///
///



WHEREFORE, DDA respectfully requests the Court to grant its Motion to Dismiss Plaintiffs' Amended Complaint, to dismiss Plaintiffs' Amended Complaint with prejudice, to award costs in its favor, and such other and further relief as the Court deems just and appropriate.

DATED: September 16, 2016                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    */s/ William C. Sung*
       Jeffrey S. Ranen
       William C. Sung
       Attorneys for Defendant Directory Distributing Associates, Inc.

DATED: September 16, 2016                **McCARTHY, LEONARD, KAEMMERER, L.C.**

By:    */s/ Bryan M. Kaemmerer*
       Brian E. McGovern
       Attorneys for Defendant Directory Distributing Associates, Inc.

