Mark C. Molumphy (168009)
mmolumphy@cpmlegal.com
Alexandra P. Summer (266485)
asummer@cpmlegal.com
COTCHETT PITRE & McCARTHY LLP
San Francisco Airport Office Ctr
840 Malcolm Road, Suite 200
Burlingame, CA  94010
T: 650.697.6000
F: 650.697.0577

Judith Sadler*
jsadler@holmesdiggs.com
Cynthia Diggs*
cdiggs@holmesdiggs.com
Rachel A. Smith*
rsmith@holmesdiggs.com
HOLMES, DIGGS, EAMES & SADLER
5300 Memorial Drive, Suite 900
Houston, TX 77007
T: 713.802.1777
F: 713.802.1779

Richard Mithoff*
rmithoff@mithofflaw.com
Janie Jordan*
jjordan@mithofflaw.com
MITHOFF LAW
One Allen Center - Penthouse
500 Dallas Street
Houston, TX 77002
T: 713.654.1122
F: 713.739.8085

Russell Post*
rpost@beckredden.com
BECK REDDEN
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
T: 713.951.3700
F: 713.951.3720

*Admitted Pro Hac Vice

Attorneys for Plaintiff and Proposed Collective
Members

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KRAWCZYK, et al., individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTORY DISTRIBUTING ASSOCIATES, INC., AT&T CORP., AT&T INC., AT&T SERVICES, INC., AT&T ADVERTISING, LP, d/b/a AT&T ADVERTISING AND PUBLISHING, d/b/a AT&T ADVERTISING SOLUTIONS, d/b/a PACIFIC BELL DIRECTORY, d/b/a YP WESTERN DIRECTORY LLC, YP HOLDINGS LLC, and YP SHARED SERVICES, LP,<br><br>Defendants. | Case No. 3:16-cv-02531-VC<br><br>**PLAINTIFFS' RESPONSE TO COURT'S ORDER REQUESTING RESPONSE ON EFFECT OF BANKRUPTCY FILING BY DIRECTORY DISTRIBUTING ASSOCIATES, INC.  (DKT. NO. 78-79)**<br><br>Courtroom: 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's October 18, 2016, Order Requesting Plaintiffs' Response on Effect of Bankruptcy Filing by Directory Distributing Associates, Inc., Dkt. 90, Plaintiffs respectfully respond to Defendants' filings. Dkt. No. 78 and 79, as follows:

## FACTUAL BACKGROUND

On October 14, 2016, Directory Distributing Associates, Inc., ("DDA") filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"). Three days later, DDA filed its Suggestion of Bankruptcy, Dkt. No. 78. All other Defendants (hereinafter all defendants other than DDA are referred to as "AT&T") thereafter filed a Notice of Effect on Remaining Defendants of Bankruptcy filing by DDA, and asserted, incorrectly, that the automatic stay of section 362(a) of the Bankruptcy Code also applies to all other remaining Defendants. Dkt. No. 79, p.1, ll.14-16. AT&T further stated defendants planned to seek protection from the Missouri Bankruptcy Court. Dkt. No. 79, p. 1, ll. 24-28 to p.2, l. 1.

## SUMMARY OF ARGUMENT

Despite the filing by DDA of its bankruptcy petition, this case can and should proceed against AT&T. Ninth Circuit law is clear that the automatic stay of the Bankruptcy Code to does not apply to non-debtors, which is generally in accord with other jurisdictions. The basic rules are well-settled: the automatic stay extends only to the debtor, and if non-debtors wish to request that litigation against them be stayed as well, they must apply to bankruptcy court for that relief. This Court retains authority to determine that the automatic stay is inapplicable to non-debtors; otherwise, any requests for additional relief based on the bankruptcy must be directed to the bankruptcy court. Notably, AT&T indicated it would seek such relief, Dkt. No. 79, p.1, ll. 24-28 to p. 2, l.1, but as of the date of this filing it has not done so.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In truth, there is *rarely* any reason to extend the stay to any party other than the debtor. This Court cannot extend the automatic stay of the Bankruptcy Code to AT&T because it does not have jurisdiction to do so.   AT&T must go to the Bankruptcy Court where DDA's bankruptcy is pending to attempt to obtain bankruptcy protection from activity in this case. Meanwhile, this case continues as usual, because bankruptcy protection from suit to third party non-debtors is not "automatic" and it is only extended in unique, fact-specific circumstances. Clear authority permits the proceedings, including discovery against the debtor, to continue.

## ARGUMENT AND AUTHORITIES

### 1.      Only the Bankruptcy Court Can Extend Protection to Co-Defendants

In the Ninth Circuit, it is settled that if non-debtors like AT&T want the protection of the bankruptcy stay, they must go to the bankruptcy court to receive it.  Absent such an application, this Court is free to decide that this case may proceed against the non-debtor co-defendants.

An explanation of the proper procedural approach where one defendant files for bankruptcy protection appears in a recent wage and hour class action case in the Central District of California, which cites to Ninth Circuit cases as well as cases from the Northern District of California. In *Totten v. Kellogg, Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1267 (C.D. Calif. 2016), the Court stated:

> "On August 5, 2015, Defendant KBR notified the Court that Molycorp filed a petition for Chapter 11 bankruptcy, . . . KBR suggests that the bankruptcy petition should automatically stay the entire case under 11 U.S.C. 362. The Court disagrees.  *The Court 'does not have the jurisdiction to extend the stay to a non-debtor party.'* (emphasis added).  *Placido v. Prudential Ins. Co. of Am.*, 201 WL 334744, at *1, 2010 U.S. Dist. LEXIS 12147, at *2-3 (N.D. Cal. Jan. 21, 2010)("In order to apply the automatic stay outlined in 11 U.S.C. 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction.") (*citing Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009)); *see also Del Campo v. Am. Corrective Counseling Serv.*, 2009 WL 65628, at *3, 2009 U.S. Dist. LEXIS 23026 at *10 (N.D. Cal. Mar. 12 2009)("A determination concerning whether the automatic stay under 362(a) should be extended to non-debtor parties *is a determination to be made by a bankruptcy court*.")"(*citing In re*

*Chugach Forest Products, Inc.*, 23 F.2d 241, 247 (9th Cir. 1994); *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)(emphasis added).

In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), a Fair Labor Standards Act case, the Ninth Circuit Court of Appeals refused to extend the automatic stay to non-debtor parties who also were sued for violations of the FLSA. The *Boucher* court acknowledged that in certain circumstances (which were not at issue in *Boucher,*) the plaintiff might have to "proceed against the non-debtor party through bankruptcy proceedings." *Boucher*, 572 F. 3d at 1093. However, in doing so, the Court stated: "Even then, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction." *Id.* at 1093, fn. 3. The Court further explained: "[S]uch extensions, although referred to as extensions of the automatic stay [are], in fact, injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* (citations omitted)

This scenario is, in fact, what happened in *A.H. Robins*, on which AT&T relies. *See In re A.H. Robins, Co. Inc.,* 828 F.2d 1023 (4th Cir. 1987). The stay at issue there was not the automatic stay, but a stay imposed by virtue of an injunction that the debtor applied for in the bankruptcy court. As the Ninth Circuit explained in *Boucher*, a request for dismissal a plaintiff's claim in the (non-bankruptcy) district court is not analogous to a request for an injunction from the bankruptcy court. *Boucher v. Shaw*, 572, F.2d at 1093-1094 (emphasis added, some citations omitted).

Thus, the bankruptcy filing by DDA has no effect on this case against AT&T unless and until AT&T obtains an injunction in the Bankruptcy Court. AT&T's statement on page 3, lines 15-20 and 24-26 of Dkt. No. 79, that all the deadlines "should be stayed until the bankruptcy court determines that the automatic stay does not apply or it terminates or modifies the stay" is not only unsupported, but also unsound. There is not stay to "terminate" or "modify" as to AT&T because, as explained more fully below, AT&T is not subject to the automatic stay.

1   AT&T and its affiliates must apply to the bankruptcy court to request an injunction that would
2   extend the protection of the stay to them.  Because AT&T has not done so, there is no need for
3   this Court to take any action; the litigation against AT&T is not stayed.
4      **2.   The Automatic Stay Does Not Protect Non-Debtor Parties**
5      A full discussion of bankruptcy protection for third-party non-debtor co-defendants is
6   perhaps beyond the scope of this Response, since as noted above, any such decision would come
7   from United States Bankruptcy Court for the Eastern District of Missouri.  However, the *Robins*
8   cases cited by AT&T are not on point, and, moreover, are not from the Eighth Circuit where
9   DDA filed for bankruptcy protection.
10
11     **a.   The automatic stay does not apply to non-debtors.**
12     As background, Section 362(a) of the Bankruptcy Code governs the stay of proceedings
13  against a debtor who has filed for bankruptcy.  11 U.S.C. § 362(a).  Once a debtor files a petition
14  for bankruptcy under Title 11, the petition "operates as a stay, applicable to all entities, of the
15  enforcement against the debtor or against property of the estate" in actions that arose before,
16  during or after the filing of a bankruptcy petition.  11 U.S.C. §§ 362(a)(1)-362(a)(3), 362(a)(6)
17  (emphasis added).
18
19     "As a general rule, the automatic stay protects **only** the debtor, property of the debtor or
20  property of the estate.  *See* 11 U.S.C. §§ 362(a); 541(a) (defining property of the estate)."
21  *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (emphasis in original, internal citation
22  omitted).  "The stay does not protect non-debtor parties or their property.  Thus, section 362(a)
23  does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties
24  liable on the debts of the debtor."  *Id.* (Internal citation and quotation omitted); *see also*
25  *Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc.* (9th Cir. BAP 1991)
26  125 B.R. 259, 263 (same); *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*
27  (9th Cir. 1994) 23 F.3d 241, 246 ("the bankruptcy of one defendant does not normally stay the

Case 3:16-cv-02531-VC   Document 94   Filed 10/25/16   Page 6 of 10


1   case as to nondebtor defendants absent unusual circumstances."); *Duval v. Gleason* (N.D. Cal.

2   Oct. 19, 1990) 1990 U.S. Dist. LEXIS 18398 at *4 (automatic stay did not apply to non-debtor

3   defendants in securities action brought by purchasers of real estate limited partnerships);

4   *Symantec Corp. v. Logical Plus, Inc.* (N.D. Cal. Sept. 8, 2009) 2009 U.S. Dist. LEXIS 86340 at

5   *4 (holding bankruptcy filing of one defendant was not a basis for staying action as to other

6   defendants); *Totten v. Kellogg Brown & Root, LLC* (C.D. Cal. Jan. 22, 2016) 152 F.Supp.3d

7   1243 ("the Court 'does not have jurisdiction to extend the stay to a non-debtor party.'") (citing

8   *Placido v. Prudential Ins. Co. of Am.* (N.D. Cal. Jan. 21, 2010) 2010 U.S. Dist. LEXIS 12147, at

9   *2-3 ("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the

10  bankruptcy court must issue an extension of the stay under its jurisdiction.") (citing *Boucher*,

11  *supra*, 572 F.3d 1087, 1093 (9th Cir. 2009)).

12       The Ninth Circuit has held that the automatic stay does not apply in a case very similar

13  to the present case.  In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), an FLSA matter like the

14  present case, the court held that "the stay does not protect non-debtor parties or their property.

15  Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or

16  other non-debtor parties liable on the debts of the debtor." *Id.* at 1092; ; *see also In re Panther*

17  *Mountain Land Dev., LLC*, 686 F.3d 916, 922 (8th Cir. 2012) (holding that claims against

18  distinct legal entities, not controlled by the debtor, are not "the type of 'rare' and unusual

19  circumstance that might justify extension of the automatic stay").

20              **b.      AT&T's authorities do not support its argument.**

21       AT&T argues that the automatic stay is within the purview of the Bankruptcy Court.

22  That is true as to the debtor, but it does not apply the Section 362 automatic stay to non-debtors,

23  or to the co-defendants of a debtor.  In fact, as a general rule, when the debtor is one of several

24  defendants in a lawsuit, the automatic stay prohibits the action from continuing against the

25  debtor only, not against the other non-debtor defendants.  *E.g. Wedgeworth v. Fibreboard*, 706

26  F.2d 541, 544 (5th Cir. 2005)(the Bankruptcy Code's purpose would not be furthered by

27  application of the stay to co-defendants); *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th

28

**Plaintiffs' Response to Dkt. Nos. 78, 79 & 90**          **Case No.: 3:16-cv-02531-VC**

**Page 6 of 10**

1    Cir. 1986)(hereinafter *Robins I*)(the automatic stay in bankruptcy is "generally said to be
2    available only to the debtor, not third party defendants or co-defendants.").

3        According to *Robins I,* cited by AT&T, a case against a non-bankrupt co-defendant
4    should only be stayed in "unusual circumstances" in which there is "such identity between the
5    debtor and the third-party defendant that the debtor may be said to be the real party defendant
6    and that a judgment against the third-party defendant will in effect be a judgment or finding
7    against the debtor." *Robins I*, 788 F.2d at 999.  In the application of this test, other Circuits,
8    including the Eighth Circuit, are reluctant to stay actions against non-debtors.

9            **c.     DDA's dismissal motion does not warrant a stay against AT&T.**

10       AT&T cites DDA's pending motion to dismiss as a justification to stay the action as to
11   the remaining Defendants because "an adjudication of AT&T Corp.'s motion would necessarily
12   adjudicate issues raised by DDA and affect its position in this case."  Dkt. No. 79, p. 2, ll. 22-25.
13   AT&T cites no authority in support of this proposition and it is mistaken.  Courts have rejected
14   the argument that the automatic stay should be applied where allowing the litigation to go
15   forward without the debtor might deprive the debtor of the ability to contest certain issues by
16   reason of the doctrine of collateral estoppels or law of the case.  *E.g., Queenie, Ltd. v. Nygaard*
17   *Int'l*, 321 F.3d 282, 288 (2nd Cir. 2003).  The Ninth Circuit addressed a similar issue in *In re*
18   *Miller,* 262 B. R. 499, 505, 508 (9th Cir. 2001).  The Court concluded that ". . . section 362(a)
19   does not preclude generation of information regarding claims by or against a non-debtor party,
20   even where that information could eventually adversely affect the Debtor."

21           **d.     The relationships between AT&T and DDA do not warrant a stay.**

22       The remaining arguments of AT&T – that the defense of this case is tied to DDA, and
23   that AT&T has contracts of indemnity with DDA--do not constitute "unusual circumstances"
24   either.  AT&T claims that its "defense of this lawsuit will be intricately tied to and dependent on
25   DDA" because of Plaintiffs' claim that DDA and AT&T were joint employers and the incorrect
26   (and unsupported) statement that AT&T "had no direct contact" with the Plaintiffs.  Dkt. No. 79,
27   p. 2, ll. 7-15.)  With no discovery in this case, AT&T also argues that the evidence will be in the

28

**Plaintiffs' Response to Dkt. Nos. 78, 79 & 90**          **Case No.: 3:16-cv-02531-VC**
**Page 7 of 10**

1   possession of DDA.   But again, AT&T does not demonstrate that these arguments justify

2   application of the stay in bankruptcy to non-debtor co-defendants.

3          AT&T finally argues that AT&T has "various contracts with DDA" that contain

4   "indemnification provisions that would extend to protect AT&T Corp."  Dkt. No. 79, p. 2, ll. 26-

5   27.

6          The two 1980s Fourth Circuit cases arising from the A.H. Robins bankruptcy do not

7   support AT&T's position.  *In re A.H. Robins Co. Inc.*, 828 F.2d 1023, 1024, 1026 (4th Cir. 1987)

8   (hereinafter *Robins II*) the Fourth Circuit affirmed the lower court's decision to deny relief from

9   an injunction prohibiting suits against co-defendant Aetna.  However, *Robins II* does not support

10  the application of the Section 362 automatic stay to third party co-defendants as AT&T alleges.

11  Rather, *Robins II* addressed the application of Section 105 of the Bankruptcy Code, which is

12  simply a grant of broad powers to bankruptcy courts to carry out the provisions of the

13  Bankruptcy Code. *Robins II*, 828 F.2d at 1026.  The actual holding of *Robins II* speaks explicitly

14  to Section 105.  *Robins II*, 828 F.2d at 1026 ("We therefore hold that under Section 105, the

15  court had authority to stay these actions.").

16          The other case on which AT&T relies is the decision in *Robins I*.  Citing to language

17  concerning a hypothetical indemnification agreement referenced in *Robins I*, AT&T now claims

18  it is the recipient of indemnification protection in the AT&T Services, Inc. contract with DDA.

19  Dkt. No. 79, p. 2, ll. 26-27 to p. 3, ll. 1-2.  AT&T asserts that this indemnification provision

20  grants it automatic protection under Section 362. Significantly, the language in *Robins I*

21  addresses a hypothetical example not at issue in *Robins I* and so was dicta. *Robins I*, 788 F.2d at

22  999.  More importantly, the *Robins I* dicta cites a case that actually rejects AT&T's position that

23  indemnity justifies protection of the bankruptcy court.  *See In re Metal Center*, 31 B.R. 458 (D.

24  Conn. 1983).  *Metal Center* involved a third party debtor who was a guarantor, and that court

25  found that the third-party defendant was entitled to indemnity from the debtor.  Even so, as the

Fourth Circuit in *Robins I* noted, the situation in *Metal Center* "was not such as to qualify for a stay under section 362(a)(1). The court reached this conclusion because in its opinion the judgment in the suit against the third-party would not be binding on the bankruptcy court." *Robins I*, 788 F.2d at 999-1000. The *Metal Center* bankruptcy court's conclusion is correctly reasoned and applicable to the present case. Plaintiffs' case against AT&T does not bind the bankruptcy court nor does it implicate property of the bankruptcy estate of DDA. If it happens that judgment is entered against the AT&T Defendants or if AT&T settles with Plaintiffs, then any potential indemnification claims against DDA may be addressed in the Bankruptcy court. Plaintiffs' case does not involve any claims between AT&T and DDA.

**3.      Discovery May Proceed Against AT&T and DDA.**

Finally, discovery may proceed against both the debtor and non-debtor parties. *See In re Miller*, 262 B.R. 499, 504-505 (9th Cir. 2001) (automatic stay did not protect Chapter 13 debtor from having to comply with discovery requests in multi-defendant case in which she was one of defendants, as long as these discovery requests were framed as discovery pertaining only to creditors' claims against other, non-debtor defendant).

<u>**CONCLUSION AND PRAYER**</u>

Plaintiffs respectfully request the Court to permit the case to proceed against the non-debtor parties.

Dated: October 25, 2016

**HOLMES DIGGS, EAMES & SADLER**


_/s/Judith Sadler_____
Judith Sadler
jsadler@holmesdiggs.com
Cynthia Diggs
cdiggs@holmesdiggs.com
Rachel A. Smith
rsmith@holmesdiggs.com
5300 Memorial Drive, Suite 900
Houston, Texas 77007
T: 713.802.1777/F: 713.802.1779

**MITHOFF LAW**
Richard Mithoff
rmithoff@mithofflaw.com
Janie Jordan
jjordan@mithofflaw.com
500 Dallas Street, Suite 3450
Houston, Texas 77002
T: 713.654.1122/F: 713.739.8085

**BECK REDDEN LLP**
Russell Post
rpost@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
T: 713.951.3700/F: 713.951.3720

**COTCHETT, PITRE & McCARTHY\**
Mark C. Molumphy
mmolumphy@cpmlegal.com
Alexandra P. Summer
asummer@cpmlegal.com
840 Malcolm Road, Suite. 200
Burlingame, California 94010
T: 650.697.6000/F: 650.697.0577

Attorneys for Plaintiff and Proposed Collective Members