UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KRAWCZYK,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTORY DISTRIBUTING ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02531-VC<br><br>**ORDER ON MOTIONS TO DISMISS AND STRIKE**<br><br>Re: Dkt. Nos. 64, 80, 82, 84, 86, 88 |

      The First Amended Complaint sufficiently alleges that AT&T as a whole (that is, the various AT&T and YP entities named as defendants considered collectively) was a joint employer with Directory Distributing Associates. *See Bonette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983); *Torres-Lopez v. May*, 111 F.3d 633 (9th Cir. 1997); U.S. Dep't of Labor, Adm'r Interpretation No. 2016-1 (Jan. 20, 2016); *see, e.g.*, First Am. Compl. ¶¶ 57-61, 64-73, 75-77, 79-82, 84-89, 90-93, 95, 97, 99-103. Although it's possible that some of these entities may turn out not to be joint employers, the allegations are sufficient to put all entities on notice of the claims against them, and it isn't reasonable to expect the plaintiffs to be able to disaggregate their allegations against the AT&T and YP entities at the pleading stage, particularly given AT&T's complicated corporate structure and AT&T's tendency not to specify which entity is being referred to. *See id.* ¶¶ 104-123; *see also* AT&T Park (home of the San Francisco Giants) and AT&T Stadium (home of the Dallas Cowboys).

      With respect to AT&T Inc., the motion to dismiss for lack of personal jurisdiction is denied without prejudice. Discovery can move forward on the issue of personal jurisdiction, limited to AT&T Inc.'s activities in California and the relationship between AT&T Inc. and

AT&T Advertising.  The plaintiffs have until February 8, 2017 to complete jurisdictional discovery.

The complaint sufficiently states claims by James Krawczyk for minimum wage and overtime violations of the Fair Labor Standards Act.  *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), as amended (Jan. 26, 2015); *see, e.g.*, First Am. Compl. ¶¶ 130-142, 145-172.  However, the complaint does not sufficiently state claims by David Estrada for minimum wage and overtime violations.  As a named plaintiff, Estrada must "allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wage."  *Landers*, 771 F.3d at 646.  Since he has yet to plead an exemplar workweek or make other more specific allegations about minimum wage and overtime violations he has suffered, his claims are dismissed.  The plaintiffs' opposition to the motions to dismiss stated that Estrada could add the required detail, so dismissal is with leave to amend.  The plaintiffs shall file any amended complaint by December 23, 2016.

The Court will not, however, conclude that Estrada's claims are currently barred by the doctrine of claim splitting.  It is true, as the defendants note, that Estrada's ability to proceed in this case may be affected by his participation as an opt-in plaintiff in *Walker v. Directory Distributing Associates*, which is an FLSA class and collective action proceeding in Texas.  But his ability to participate won't *necessarily* be affected.  The class definition in *Walker* includes people in Texas who delivered AT&T phonebooks between June 25, 2009 and December 21, 2012, whereas here Estrada proposes to represent a nationwide class of people who did that work between 2013 and 2016.  It seems at least possible (although perhaps unlikely) that the Texas class's recovery following trial could be limited to violations that took place during the earlier period.  *See* AT&T Corp. Req. for Judicial Notice, Ex. A.  If the Texas class's recovery ends up being limited to the earlier period, Estrada might be able to seek recovery for the later period covered in this lawsuit.  On the other hand, if the Texas class's recovery ends up involving the 2013 to 2016 period as well (either as a result of a settlement or after a trial), Estrada would not be able to proceed as a plaintiff in this case (assuming he remains part of the opt-in class in

Texas).  Since the Texas case will not *necessarily* cover the 2013 to 2016 period, and since Estrada may not have control over that (because he is merely an opt-in plaintiff rather than a named plaintiff), the Court will not, unless circumstances change, exercise its discretion to dismiss Estrada's claims on claim-spitting grounds.  *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).[1]

It is not obvious from the complaint that the FLSA statute of limitations will bar this suit, so the 2009-2012 claims brought by Krawczyk cannot be dismissed on that basis.  The defendants note that the statute of limitations for the claims in this lawsuit is two or three years.  *See* 29 U.S.C. § 255(a).  But the plaintiffs have argued that tolling doctrines apply.  Adjudicating this question will require a fact-intensive inquiry more appropriate for summary judgment.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

The parties appear to have resolved several disputes during the briefing of these motions.  The plaintiffs newly served the defendants.  And the plaintiffs' omnibus opposition appears to have addressed the defendants' concerns about retaliation and recordkeeping allegations in the complaint.  The motions to dismiss are denied as moot with respect to those issues.

The motions to strike allegedly improper exhibits and paragraphs of the complaint are denied.

Finally, the only thing more confusing than AT&T's corporate structure is the byzantine set of briefs filed by the AT&T and YP defendants.  For all future motions, those defendants must collectively file a single brief unless they are granted permission to file separate briefs (or unless only one defendant is filing the motion, such as a possible renewed motion to dismiss for lack of personal jurisdiction by AT&T Inc.).  It should not be a problem to make clear, in a single brief, which arguments apply to which defendants.  The defendants may seek permission

---

[1] It does seem strange, however, that Estrada seeks to participate as a named plaintiff in this lawsuit despite being an opt-in plaintiff in the Texas case.  And it seems like something that could end up creating unnecessary problems in this case down the road.

to file a longer brief if necessary to include all of their arguments (although often that will not be necessary).

**IT IS SO ORDERED.**

Dated: December 9, 2016

_____

VINCE CHHABRIA
United States District Judge