1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  LEO MONIZ (STATE BAR NO. 285571)
   lmoniz@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
4  Sacramento, California  95814-4497
   Telephone:      (916) 447-9200
5  Facsimile:      (916) 329-4900

6  Attorneys for Defendants AT&T Corp. and AT&T
   Services, Inc.

7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11

12  JAMES KRAWCZYK, et al., individually and      Case No. 3:16-cv-02531-VC
    on behalf of others similarly situated,
13                                                **DEFENDANTS AT&T CORP. AND**
              Plaintiff,                          **AT&T SERVICES, INC.'S ANSWER TO**
14                                                **PLAINTIFFS' SECOND AMENDED**
         v.                                       **COLLECTIVE ACTION COMPLAINT**
15                                                **FOR VIOLATIONS OF FLSA**
    DIRECTORY DISTRIBUTING
16  ASSOCIATES, INC., AT&T CORP., AT&T            DEMAND FOR JURY TRIAL
    INC., AT&T SERVICES, INC., AT&T
17  ADVERTISING, LP, d/b/a AT&T
    ADVERTISING AND PUBLISHING, d/b/a
18  AT&T ADVERTISING SOLUTIONS, d/b/a
    PACIFIC BELL DIRECTORY, d/b/a YP
19  WESTERN DIRECTORY LLC, YP
    HOLDINGS LLC, and YP SHARED
20  SERVICES, LP,

21            Defendants.

22

23

24

25

26

27

28

Defendants AT&T Corp. and AT&T Services, Inc. (the "Answering Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiffs' Second Amended Collective Action Complaint for Violations of the Fair Labor Standards Act ("FLSA"), hereby state as follows:

1.      The Answering Defendants admit that Plaintiffs James Krawczyk and David Estrada ("Plaintiffs") attempt to bring this case as a putative collective action under the FLSA. The remainder of Paragraph 1 states legal conclusions to which no answer is required, but to the extent it contains factual allegations, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 as they relate to Directory Distributing Associates, Inc., YP Holdings, LLC, YP Advertising & Publishing LLC, and YP LLC (collectively the "non-Answering Defendants") and, therefore, deny the same.  The Answering Defendants deny the factual allegations contained in Paragraph 1 with regard to the Answering Defendants.

2.      Paragraph 2 states legal conclusions to which no answer is required.  To the extent Paragraph 2 contains factual allegations, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 as they relate to the non-Answering Defendants and, therefore, deny the same.  The Answering Defendants deny the factual allegations contained in Paragraph 2 with regard to the Answering Defendants.

3.      Paragraph 3 consists of statements of law to which no answer is required.  To the extent Paragraph 3 contains factual allegations, the Answering Defendants deny them.

4.      Paragraph 4 consists of statements of law to which no answer is required.  To the extent Paragraph 4 contains factual allegations, the Answering Defendants deny them.

## I.      PROCEDURAL HISTORY

5.      The Answering Defendants admit that on November 26, 2012, the Honorable Dan Hinde conditionally certified a collective action in Cause No. 2011-50578 in the District Court of Texas, in Houston, Texas (the "Walker Case") and admit that the class of individuals in that collective action has been defined as all current and former individuals who Directory

Distributing Associates, Inc. ("Defendant DDA") hired to deliver AT&T telephone directories during the period from June 25, 2009 to December 21, 2012 and who were classified as independent contractors.  Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 5.

6.     The Answering Defendants admit Defendant DDA was ordered to provide counsel for the Plaintiffs in the Walker Case with certain contact information for individuals who Defendant DDA hired to deliver AT&T telephone directories during the period from June 25, 2009 to December 21, 2012 and who were classified as independent contractors.  Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 6.

7.     The Answering Defendants deny the allegations in Paragraph 7.

8.     The Answering Defendants admit that Plaintiffs in the Walker Case were required to send Notice of the Walker Case to potential class members by January 25, 2013 and admit that potential class members were required to opt into the Walker Case by March 29, 2013.  Except as expressly admitted, the Answering Defendants deny the remaining allegations in Paragraph 8.

9.     The Answering Defendants admit that on May 3, 2013 the Defendants in the Walker Case filed a motion to dismiss those individuals who opted in the Walker Case who had not lived or worked in Texas during the relevant period.  Except as expressly admitted, the Answering Defendants deny the remaining allegations in Paragraph 9.

10.    The Answering Defendants admit that Judge Hinde granted the motion to dismiss filed by the Defendants in the Walker Case and dismissed the individuals who opted in the Walker Case for whom venue in Texas was not proper.  Except as expressly admitted, the Answering Defendants deny the remaining allegations in Paragraph 10.

11.    The Answering Defendants admit the allegations in Paragraph 11.

12.    The Answering Defendants admit the allegations in Paragraph 12.

13.    The Answering Defendants admit the allegations in Paragraph 13.

14.    The Answering Defendants admit that Plaintiff James Krawczyk filed this case as a putative collective action in the U.S. District Court for the Northern District of California.  The

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 14 regarding Plaintiff Krawczyk's reason for filing this action. Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 14, including any suggestion that any of the "non-Texas plaintiffs" who were dismissed from the Walker Case, other than named Plaintiffs Krawczyk and Estrada, have properly opted into this action as plaintiffs.

## II.  JURISDICTION

15.    Plaintiffs' allegations regarding this Court's jurisdiction are legal conclusions to which no answer is required, but to the extent an answer is called for, the Answering Defendants admit that this Court has jurisdiction over the subject matter of this action. Except as expressly admitted, the Answering Defendants deny each and every factual allegation in Paragraph 15.

16.    The Answering Defendants deny the allegations in Paragraph 16.

17.    Paragraph 17 contains statements of law to which no answer is required. To the extent Paragraph 17 contains factual allegations, the Answering Defendants deny them.

18.    Paragraph 18 contains statements of law to which no answer is required. To the extent Paragraph 18 contains factual allegations, the Answering Defendants deny them.

## III.  VENUE

19.    The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegation that Plaintiff Krawczyk engaged in work in this district. The remainder of Paragraph 19 states legal conclusions to which no answer is required, but to the extent an answer is called for, the Answering Defendants deny each and every remaining allegation in Paragraph 19.

## IV.  INTRADISTRICT ASSIGNMENT

20.    The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegation that a substantial part of the alleged events or omissions that give rise to Plaintiffs' claims occurred in counties in the San Francisco and Oakland Divisions of this district. The remainder of Paragraph 20 states legal conclusions to which no answer is required,

SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1   but to the extent an answer is called for, the Answering Defendants deny each and every

2   remaining allegation in Paragraph 20.

3   V.      **PARTIES**

4          21.     The Answering Defendants deny Plaintiff James Krawczyk was ever employed by

5   them.  The Answering Defendants lack sufficient information to admit or deny, and on that basis

6   deny, the remaining allegations in Paragraph 21.

7          22.     The Answering Defendants deny Plaintiff David Estrada was ever employed by

8   them.  The Answering Defendants lack sufficient information to admit or deny, and on that basis

9   deny, the remaining allegations in Paragraph 22.

10          23.     The Answering Defendants admit that DDA has appeared in this action.  The

11   Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the

12   remaining allegations in Paragraph 23.

13          24.     The Answering Defendants admit that AT&T Corp. is a subsidiary of AT&T Inc.,

14   is authorized to do business in California, and has appeared in this action.  The Answering

15   Defendants admit that AT&T Inc. is a corporation that is publicly traded on the New York Stock

16   Exchange.  Except as expressly admitted, the Answering Defendants deny any remaining

17   allegations in Paragraph 24.

18          25.     The Answering Defendants admit that AT&T Inc. is a Delaware corporation that

19   maintains its corporate headquarters in Dallas, Texas at One AT&T Plaza, 208 South Akard

20   Street, and that AT&T Inc. has specially appeared in this action solely for the purpose of

21   contesting personal jurisdiction.  Except as expressly admitted, the Answering Defendants deny

22   each and every remaining allegation in Paragraph 25.

23          26.     The Answering Defendants admit the allegations in Paragraph 26.

24          27.     The Answering Defendants admit that prior to May 9, 2012 AT&T Advertising,

25   L.P. did business as AT&T Advertising and Publishing and as AT&T Advertising Solutions.  The

26   Answering Defendants admit that a controlling equity interest in AT&T Advertising Solutions,

27   which included a controlling interest in AT&T Advertising, L.P., was sold in May 2012.  The

28   Answering Defendants admit that YP Advertising & Publishing LLC has appeared in this action

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1   as the successor to AT&T Advertising, L.P., which was incorrectly named in the Second

2   Amended Complaint ("SAC") as AT&T Advertising, LP, d/b/a AT&T Advertising and

3   Publishing, d/b/a AT&T Advertising Solutions, d/b/a Pacific Bell Directory, d/b/a YP Western

4   Directory LLC.  The Answering Defendants admit that, per the records of the Secretary of State

5   for the State of Georgia, YP Advertising & Publishing LLC maintains its principal office at 2247

6   Northlake Parkway, 10th Floor, Tucker, Georgia 30084.  The Answering Defendants admit that,

7   per the records of the Secretary of State for the State of California, YP Advertising & Publishing

8   LLC is authorized to do business in California.  Except as expressly admitted, the Answering

9   Defendants deny, or lack sufficient information to admit or deny, and on that basis deny, each and

10   every remaining allegation in Paragraph 27.

11         28.     The Answering Defendants admit that, per the records of the Secretary of State for

12   the State of Delaware, YP Holdings, LLC, is a Delaware limited liability company.  Except as

13   expressly admitted, the Answering Defendants deny, or lack sufficient information to admit or

14   deny, and on that basis deny, each and every remaining allegation in Paragraph 28.

15         29.     The Answering Defendants admit that YP LLC has appeared in this action as the

16   purported successor to YP Shared Services LLC.  Except as expressly admitted, the Answering

17   Defendants deny, or lack sufficient information to admit or deny, and on that basis deny, each and

18   every remaining allegation in Paragraph 29.

19         30.     No response is required to Paragraph 30 because it does not contain factual

20   allegations.  To the extent an answer is called for, the Answering Defendants lack sufficient

21   information to admit or deny, and on that basis deny, each and every allegation in Paragraph 30.

22                   **VI.**    **FACTUAL ALLEGATIONS**

23                   **JOINT EMPLOYER ALLEGATIONS**

24         31.     The Answering Defendants admit that DDA's business included hiring delivery

25   workers to deliver telephone directories.  The Answering Defendants lack sufficient information

26   to admit or deny, and on that basis deny, that this was DDA's "primary" business.  Except as

27   expressly admitted, the Answering Defendants deny each and every remaining allegation in

28   Paragraph 31.

1     32.     The Answering Defendants admit that, during the period from June 25, 2009,

2    through May 8, 2012, DDA contracted with AT&T Services, Inc.  The Answering Defendants

3    deny the remaining allegations in Paragraph 32.

4         33.     The Answering Defendants deny the allegations in Paragraph 33.

5         34.     Paragraph 34 consists of statements of law to which no answer is required.  To the

6    extent Paragraph 34 contains factual allegations, the Answering Defendants deny them.

7         35.     Paragraph 35 consists of statements of law to which no answer is required.  To the

8    extent Paragraph 35 contains factual allegations, the Answering Defendants deny them.

9         36.     Paragraph 36 consists of statements of law to which no answer is required.  To the

10   extent Paragraph 36 contains factual allegations, the Answering Defendants deny them.

11       37.     Paragraph 37 consists of statements of law to which no answer is required.  To the

12   extent Paragraph 37 contains factual allegations, the Answering Defendants deny them.

13       38.     Paragraph 38 consists of statements of law to which no answer is required.  To the

14   extent Paragraph 38 contains factual allegations, the Answering Defendants deny them.

15       39.     Paragraph 39 consists of statements of law to which no answer is required.  To the

16   extent Paragraph 39 contains factual allegations, the Answering Defendants deny them.

17       40.     Paragraph 40 consists of statements of law to which no answer is required.  To the

18   extent Paragraph 40 contains factual allegations, the Answering Defendants deny them.

19       41.     Paragraph 41 consists of statements of law to which no answer is required.  To the

20   extent Paragraph 41 contains factual allegations, the Answering Defendants deny them.

21       42.     Paragraph 42 consists of statements of law to which no answer is required.  To the

22   extent Paragraph 42 contains factual allegations, the Answering Defendants deny them.

23       43.     Paragraph 43 consists of statements of law to which no answer is required.  To the

24   extent Paragraph 43 contains factual allegations, the Answering Defendants deny them.

25       44.     Paragraph 44 consists of statements of law to which no answer is required.  To the

26   extent Paragraph 44 contains factual allegations, the Answering Defendants deny them.

27       45.     Paragraph 45 consists of statements of law to which no answer is required.  To the

28   extent Paragraph 45 contains factual allegations, the Answering Defendants deny them.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1    46.    Paragraph 46 consists of statements of law to which no answer is required.  To the

2    extent Paragraph 46 contains factual allegations, the Answering Defendants deny them.

3    47.    Paragraph 47 consists of statements of law to which no answer is required.  To the

4    extent Paragraph 47 contains factual allegations, the Answering Defendants deny them.

5    48.    Paragraph 48 consists of statements of law to which no answer is required.  To the

6    extent Paragraph 48 contains factual allegations, the Answering Defendants deny them.

7    49.    Paragraph 49 consists of statements of law to which no answer is required.  To the

8    extent Paragraph 49 contains factual allegations, the Answering Defendants deny them.

9    50.    Paragraph 50 consists of statements of law to which no answer is required.  To the

10   extent Paragraph 50 contains factual allegations, the Answering Defendants deny them.

11   51.    Paragraph 51 consists of statements of law to which no answer is required.  To the

12   extent Paragraph 51 contains factual allegations, the Answering Defendants deny them.

13   52.    Paragraph 52 consists of statements of law to which no answer is required.  To the

14   extent Paragraph 52 contains factual allegations, the Answering Defendants deny them.

15   53.    Paragraph 53 consists of statements of law to which no answer is required.  To the

16   extent Paragraph 53 contains factual allegations, the Answering Defendants deny them.

17   ***BONNETTE* FACTORS**

18   54.    Paragraph 54 consists of statements of law to which no answer is required.  To the

19   extent Paragraph 54 contains factual allegations, the Answering Defendants deny them.

20   55.    Paragraph 55 consists of statements of law to which no answer is required.  To the

21   extent Paragraph 55 contains factual allegations, the Answering Defendants deny them.

22   56.    The Answering Defendants deny the allegations in Paragraph 56.

23   57.    The Answering Defendants lack sufficient information to admit or deny, and on

24   that basis deny, the allegations in Paragraph 57.

25   58.    The Answering Defendants deny that any advertisements identified AT&T as the

26   potential employer of delivery workers.  The Answering Defendants lack sufficient information to

27   admit or deny, and on that basis deny, the remaining allegations in Paragraph 58.

28

7

59.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 59.

60.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations regarding the perceptions of Plaintiff Krawcyzk and "Another worker."  The Answering Defendants deny the remaining allegations in Paragraph 60.

61.     The Answering Defendants deny that AT&T hired or fired any delivery workers and lack sufficient information to admit or deny, and on that basis deny, the conversations between "Another delivery worker" and counsel for Plaintiffs.

62.     Paragraph 62 consists of statements of law to which no answer is required.  To the extent Paragraph 62 contains factual allegations, the Answering Defendants deny them.

63.     Paragraph 63 consists of statements of law to which no answer is required.  To the extent Paragraph 63 contains factual allegations, the Answering Defendants deny them.

64.     The Answering Defendants deny the allegations in Paragraph 64.

65.     The Answering Defendants admit that Paragraph 65 correctly quotes a portion of Appendix A, Section I.A.1.b. of Services Agreement No. 20071202.006.C and states that "AT&T" as defined in Services Agreement No. 20071202.006.C is AT&T Services, Inc.  Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 65.

66.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 66.

67.     The Answering Defendants admit that the DDA document attached as Exhibit 24 to the First Amended Complaint ("FAC") references "AT&T Corporation."  Except as expressly admitted, the Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 67.

68.     The Answering Defendants deny that the delivery workers were their agents.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 as they relate to the non-Answering Defendants

1   and, therefore, deny the same.  The Answering Defendants deny the factual allegations contained

2   in Paragraph 68 with regard to the Answering Defendants.

3       69.     The Answering Defendants deny that the delivery workers were their agents.  The

4   Answering Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations contained in Paragraph 69 as they relate to the non-Answering Defendants

6   and, therefore, deny the same.  The Answering Defendants deny the factual allegations contained

7   in Paragraph 69 with regard to the Answering Defendants.

8       70.     The Answering Defendants lack sufficient information to admit or deny, and on

9   that basis deny, the allegations in Paragraph 70.

10      71.     The Answering Defendants admit that Paragraph 71 correctly quotes excerpts from

11  Appendix A, Section II.I of Agreement No. 20100518.067.C, a true and correct copy of a small

12  portion of which is attached to the FAC as Exhibit 27.  Except as expressly admitted, the

13  Answering Defendants deny each and every remaining allegation in Paragraph 71.

14      72.     The Answering Defendants deny that they required delivery workers to use GPS

15  devices.  The Answering Defendants lack sufficient information to admit or deny, and on that

16  basis deny, the remaining allegations in Paragraph 72.

17      73.     The Answering Defendants admit that Paragraph 73 correctly quotes excerpts of

18  the documents attached to the FAC as Exhibit 25 and Exhibit 28.  Except as expressly admitted,

19  the Answering Defendants lack sufficient information to admit or deny, and on that basis deny,

20  the allegations in Paragraph 73.

21      74.     Paragraph 74 consists of statements of law to which no answer is required.  To the

22  extent Paragraph 74 contains factual allegations, the Answering Defendants deny them.

23      75.     Paragraph 75 contains legal conclusions to which no answer is required.  To the

24  extent Paragraph 75 contains factual allegations to which an answer is called for, the Answering

25  Defendants deny the allegations in Paragraph 75.

26      76.     The Answering Defendants lack sufficient information to admit or deny, and on

27  that basis deny, the allegations in Paragraph 76.

28

9

77.     The Answering Defendants deny that they required delivery workers to use GPS trackers.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 77.

78.     Paragraph 78 consists of statements of law to which no answer is required.  To the extent Paragraph 78 contains factual allegations, the Answering Defendants deny them.

79.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 79 regarding instructions DDA gave to its delivery managers and the content of data hosted on DDA's servers and systems.  The Answering Defendants deny each and every remaining allegation in Paragraph 79.

80.     The Answering Defendants admit that Section 3.19.c.1 of Services Agreement No. 20071202.006.C required DDA to maintain workers' compensation and employers liability insurance, and provided that: "To the fullest extent allowable by Law, the policy must include a waiver of subrogation in favor of AT&T, its Affiliates, and their directors, officers, and employees."  Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 80.

81.     The Answering Defendants admit that Section 3.19.c.2 of Services Agreement No. 20071202.006.C required DDA to maintain commercial general liability insurance, and further required that policy to: "include AT&T, its Affiliates, and their directors, officers, and employees as Additional Insureds" and "include a waiver of subrogation in favor of AT&T, its Affiliates, and their directors, officers, and employees."  Except as expressly admitted, the Answering Defendants deny each and every remaining allegation in Paragraph 81.

82.     The Answering Defendants deny the allegations in Paragraph 82.

### ADDITIONAL FACTORS AND ECONOMIC REALITY

83.     Paragraph 83 consists of statements of law to which no answer is required.  To the extent Paragraph 83 contains factual allegations, the Answering Defendants deny them.

84.     The Answering Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 states legal conclusions to which no answer is required.  To the extent Paragraph 85 contains factual allegations, the Answering Defendants deny them.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

86.     Paragraph 86 contains legal conclusions to which no answer is required.  To the extent Paragraph 86 contains factual allegations, the Answering Defendants deny them.

87.     The Answering Defendants deny the allegations in Paragraph 87.

88.     The Answering Defendants deny the allegations in Paragraph 88.

89.     The Answering Defendants admit that AT&T Services, Inc. contracted with Defendant DDA to deliver telephone directories.  Except as expressly admitted, the Answering Defendants deny the allegations in Paragraph 89.

90.     Paragraph 90 contains statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 90 contains factual allegations, the Answering Defendants deny them.

91.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 91 regarding the materials provided to delivery workers.  The remaining allegations are legal conclusions to which no answer is required.  To the extent they contain factual allegations to which an answer is called for, the Answering Defendants deny them.

92.     Paragraph 92 contains legal conclusions to which no answer is required.  To the extent Paragraph 92 contains factual allegations, the Answering Defendants deny them.

93.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 93.

94.     Paragraph 94 consists of statements of law to which no answer is required.  To the extent Paragraph 94 contains factual allegations, the Answering Defendants deny them.

95.     The Answering Defendants deny having "ongoing [working] relationships" with Plaintiff Krawcyzk or any of the other delivery workers he seeks to represent.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 95.

96.     Paragraph 96 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 96 contains factual allegations, the Answering Defendants deny them.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

97.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations that "each delivery worker's compensation was fixed at a flat fee for each book" and that "delivery workers could not do anything to increase their profits (or incur losses) except to alter the speed with which they completed their delivery routes and the precision with which they complied with AT&T delivery requirements."  The remainder of Paragraph 97 consists of statements of law and legal conclusions to which no answer is required, but to the extent it contains factual allegations, the Answering Defendants deny them.

98.     Paragraph 98 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 98 contains factual allegations, the Answering Defendants deny them.

99.     The Answering Defendants deny that they currently do business with PDC and deny that Plaintiff Krawczyk delivers telephone books published by the Answering Defendants. The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 99.

100.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 100.

101.     The Answering Defendants deny the allegations in Paragraph 101.

102.     The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 102.

103.     Paragraph 103 contains legal conclusions to which no answer is required.  To the extent Paragraph 103 contains factual allegations, the Answering Defendants deny them.

**AT&T DEFENDANTS AND YP DEFENDANTS**

104.     The Answering Defendants admit that the DDA document attached as Exhibit 24 to the FAC identifies "AT&T Corporation" as the owner of "AT&T Telephone Books."  The Answering Defendants deny that AT&T Corp. employed Plaintiffs and lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 104.

105.     The Answering Defendants admit that Plaintiffs are mistaken in their belief that AT&T Corp. is responsible for the conduct at issue in this lawsuit.  The Answering Defendants

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1    lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in

2    Paragraph 105.

3         106.    The Answering Defendants deny that they or AT&T Inc. are "responsible for the

4    conduct in question," deny that "limited" discovery has been answered in the Walker Case, and

5    deny that Plaintiffs lack sufficient information to assess the proper defendant.  The Answering

6    Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining

7    allegations in Paragraph 106.

8         107.    The Answering Defendants admit that AT&T Services, Inc. and DDA entered into

9    Services Agreement No. 20071202.006.C, a copy of which is contained in Exhibit 23 to the FAC.

10   The Answering Defendants admit that through this agreement, DDA contracted to deliver

11   telephone directories.  Except as expressly admitted, the Answering Defendants deny the

12   remaining allegations in Paragraph 107.

13        108.    The Answering Defendants admit that AT&T Services, Inc. executed Services

14   Agreement No. 20071202.006.C. on behalf of AT&T Advertising and Publishing.  Except as

15   expressly admitted, the Answering Defendants deny each and every remaining allegation in

16   Paragraph 108.

17        109.    The Answering Defendants admit that AT&T Advertising and Publishing included

18   telephone directory operations.  The Answering Defendants lack sufficient information to admit

19   or deny, and on that basis deny, the remaining allegations in Paragraph 109.

20        110.    The Answering Defendants admit that Tim Harden executed Services Agreement

21   No. 20071202.006.C as President of AT&T Services, Inc., that he did so while acting within the

22   scope of his authority for AT&T Services, Inc., and that he was named as the "AT&T President

23   of Supply Chain and Fleet Operations" in a filing with the California Public Utilities

24   Commission, a copy of excerpts of which are contained in Exhibit 39 to the FAC.  That filing, as

25   evidenced in the excerpts filed as Exhibit 39, was made on behalf of several AT&T entities,

26   including AT&T Corp., and explained that "The AT&T Global Supplier Diversity team

27   administers the Supplier Diversity initiatives on behalf of all AT&T companies, thus the reports

28

13

1    for all of these entities are combined herein."  Except as expressly admitted, the Answering

2    Defendants deny each and every remaining allegation in Paragraph 110.

3           111.    The Answering Defendants deny the allegations in Paragraph 111.

4           112.    Paragraph 112 consists of legal conclusions to which no answer is required.  To

5    the extent it contains factual allegations to which an answer is called for, the Answering

6    Defendants deny them.

7           113.    The Answering Defendants admit that AT&T Corp. is among the subsidiaries of

8    AT&T Inc. to which AT&T Services, Inc. provides administrative services, and that prior to May

9    9, 2012, AT&T Services, Inc. provided administrative services to AT&T Advertising L.P.  Except

10   as expressly admitted, the Answering Defendants deny each and every remaining allegation in

11   Paragraph 113.

12          114.    The Answering Defendants deny the allegations in Paragraph 114.

13          115.    The Answering Defendants admit that Services Agreement No. 20071202.006.C

14   authorized "Affiliates" of AT&T Services, Inc. to order services from DDA under the Agreement.

15   The Answering Defendants admit that Paragraph 115 quotes the definition of "Affiliate" from

16   Section 2.3 of the Agreement, except that "third percent" is incorrect and should say "thirty

17   percent."  Except as expressly admitted, the Answering Defendants deny any remaining factual

18   allegations in Paragraph 115.

19          116.    The Answering Defendants admit that AT&T Inc. is a holding company and parent

20   of AT&T Corp. and AT&T Services, Inc.  The Answering Defendants admit that AT&T Inc. and

21   AT&T Corp. satisfy the definition of "Affiliate" in Services Agreement No. 20071202.006.C, but

22   the Answering Defendants deny that AT&T Inc. or AT&T Corp. conducted any activity as an

23   "Affiliate" under the agreement.  Except as expressly admitted, the Answering Defendants deny

24   the allegations in Paragraph 116.

25          117.    The Answering Defendants admit that AT&T Corp. admitted in an affidavit filed

26   in the Walker Case, attached as Exhibit 40 to the FAC, that AT&T Corp. is an "affiliate" of

27   AT&T Services, Inc.  Except as expressly admitted, the Answering Defendants deny the

28   allegations in Paragraph 117.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

118.     The Answering Defendants admit that, prior to May 9, 2012, AT&T Advertising, L.P. satisfied the definition of "Affiliate" in Section 2.3(b) of Services Agreement No. 20071202.006.C.  Except as expressly admitted, the Answering Defendants deny the allegations in Paragraph 118.

119.     The Answering Defendants deny the allegations in Paragraph 119.

120.     The Answering Defendants admit that AT&T Services Inc. contracted with DDA for directory distributing services on behalf of AT&T Advertising and Publishing.  Except as expressly admitted, the Answering Defendants deny any remaining factual allegations in Paragraph 120.

121.     The Answering Defendants admit that AT&T Services Inc. contracted with DDA for directory distributing services on behalf of AT&T Advertising and Publishing.  Except as expressly admitted, the Answering Defendants deny any remaining factual allegations in Paragraph 121.

122.     The Answering Defendants admit that a controlling interest in AT&T Advertising Solutions, including AT&T Advertising L.P., was sold in May 2012, and that AT&T Inc. retained a 47% interest in the new company.  The remaining allegations in Paragraph 122 contain legal conclusions to which no answer is required.  To the extent they contain factual allegations, the Answering Defendants deny them.

123.     The Answering Defendants admit that on May 8, 2012, all Service Agreements between AT&T Services, Inc. and DDA that were operative at that time were assigned to YP Shared Services LLC.  The Answering Defendants admit that per that assignment YP Shared Services LLC assumed responsibility for all liabilities and obligations of AT&T Services, Inc. based on events arising from the assigned Service Agreements.  The remaining allegations in Paragraph 123 contain legal conclusions to which no answer is required.  To the extent they contain factual allegations, the Answering Defendants deny them.

## MISCLASSIFICATION AND FLSA VIOLATIONS

124.     Paragraph 124 consists of statements of law to which no answer is required.  To the extent Paragraph 124 contains factual allegations, the Answering Defendants deny them.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

125.    Paragraph 125 consists of statements of law to which no answer is required.  To the extent Paragraph 125 contains factual allegations, the Answering Defendants deny them.

126.    Paragraph 126 consists of statements of law to which no answer is required.  To the extent Paragraph 126 contains factual allegations, the Answering Defendants deny them.

127.    Paragraph 127 consists of statements of law to which no answer is required.  To the extent Paragraph 127 contains factual allegations, the Answering Defendants deny them.

128.    Paragraph 128 consists of statements of law to which no answer is required.  To the extent Paragraph 128 contains factual allegations, the Answering Defendants deny them.

129.    Paragraph 129 consists of statements of law to which no answer is required.  To the extent Paragraph 129 contains factual allegations, the Answering Defendants deny them.

130.    Paragraph 130 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 130 contains factual allegations, the Answering Defendants deny them.

131.    Paragraph 131 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 131 contains factual allegations, the Answering Defendants deny them.

132.    Paragraph 132 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 132 contains factual allegations, the Answering Defendants deny them.

133.    Paragraph 133 consists of statements of law to which no answer is required.  To the extent Paragraph 133 contains factual allegations, the Answering Defendants deny them.

134.    The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 134.

135.    The Answering Defendants deny the allegations in Paragraph 135.

136.    Paragraph 136 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 136 contains factual allegations, the Answering Defendants deny them.

137.    Paragraph 137 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 137 contains factual allegations, the Answering Defendants deny having any working relationship with Plaintiff Krawcyzk or any of the other delivery workers he seeks to represent.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the remaining allegations in Paragraph 137.

138.    Paragraph 138 contains statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 138 contains factual allegations, the Answering Defendants deny them.

139.    The Answering Defendants deny the factual allegations contained in Paragraph 139 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 139 as they relate to the non-Answering Defendants.

140.    The Answering Defendants deny the factual allegations contained in Paragraph 140 with regard to the Answering Defendants and AT&T Inc.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 140 as they relate to the non-Answering Defendants.

141.    The Answering Defendants deny the factual allegations contained in Paragraph 141 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 141 as they relate to the non-Answering Defendants.

142.    The Answering Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 143 contains factual allegations, the Answering Defendants deny the factual allegations contained in Paragraph 143 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 143 as they relate to DDA.

144.    Paragraph 144 consists of statements of law to which no answer is required.  To the extent Paragraph 144 contains factual allegations, the Answering Defendants deny them.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

145.    Paragraph 145 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 145 contains factual allegations, the Answering Defendants deny the factual allegations contained in Paragraph 145 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 145 as they relate to DDA.

146.    The Answering Defendants deny the factual allegations contained in Paragraph 146 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 146 as they relate to the non-Answering Defendants.

147.    The Answering Defendants deny the factual allegations contained in Paragraph 147 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 147 as they relate to the non-Answering Defendants.

148.    The Answering Defendants deny the factual allegations contained in Paragraph 148 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 148 as they relate to the non-Answering Defendants.

149.    The Answering Defendants deny the factual allegations contained in Paragraph 149 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 149 as they relate to the non-Answering Defendants.

150.    The Answering Defendants deny the factual allegations contained in Paragraph 150 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 150 as they relate to the non-Answering Defendants.

151.    The Answering Defendants deny the factual allegations contained in Paragraph 151 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

1    information to admit or deny, and on that basis deny, the allegations in Paragraph 151 as they

2    relate to the non-Answering Defendants.

3         152.    The Answering Defendants lack sufficient information to admit or deny, and on

4    that basis deny, the allegations in Paragraph 152.

5         153.    The Answering Defendants deny the factual allegations contained in Paragraph

6    153 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

7    information to admit or deny, and on that basis deny, the allegations in Paragraph 153 as they

8    relate to the non-Answering Defendants.

9         154.    Paragraph 154 consists of statements of law and legal conclusions to which no

10   answer is required.  To the extent Paragraph 154 contains factual allegations, the Answering

11   Defendants deny the factual allegations contained in Paragraph 154 with regard to the Answering

12   Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that

13   basis deny, the allegations in Paragraph 154 as they relate to the non-Answering Defendants.

14        155.    The Answering Defendants deny the factual allegations contained in Paragraph

15   155 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

16   information to admit or deny, and on that basis deny, the allegations in Paragraph 155 as they

17   relate to the non-Answering Defendants.

18        156.    The Answering Defendants deny the factual allegations contained in Paragraph

19   156 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

20   information to admit or deny, and on that basis deny, the allegations in Paragraph 156 as they

21   relate to the non-Answering Defendants.

22        157.    The Answering Defendants deny the factual allegations contained in Paragraph

23   157 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

24   information to admit or deny, and on that basis deny, the allegations in Paragraph 157 as they

25   relate to the non-Answering Defendants.

26        158.    The Answering Defendants deny the factual allegations contained in Paragraph

27   158 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

28

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1    information to admit or deny, and on that basis deny, the allegations in Paragraph 158 as they

2    relate to the non-Answering Defendants.

3          159.    Paragraph 159 consists of statements of law and legal conclusions to which no

4    answer is required.  To the extent Paragraph 159 contains factual allegations, the Answering

5    Defendants deny them.

6          160.    The Answering Defendants deny the factual allegations contained in Paragraph

7    160 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

8    information to admit or deny, and on that basis deny, the allegations in Paragraph 160 as they

9    relate to the non-Answering Defendants.

10         161.    The Answering Defendants deny the factual allegations contained in Paragraph

11   161 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

12   information to admit or deny, and on that basis deny, the allegations in Paragraph 161 as they

13   relate to the non-Answering Defendants.

14         162.    The Answering Defendants deny the factual allegations contained in Paragraph

15   162 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

16   information to admit or deny, and on that basis deny, the allegations in Paragraph 162 as they

17   relate to the non-Answering Defendants.

18         163.    The Answering Defendants deny the factual allegations contained in Paragraph

19   163 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

20   information to admit or deny, and on that basis deny, the allegations in Paragraph 163 as they

21   relate to the non-Answering Defendants.

22         164.    The Answering Defendants deny the factual allegations contained in Paragraph

23   164 with regard to the Answering Defendants.  The Answering Defendants lack sufficient

24   information to admit or deny, and on that basis deny, the allegations in Paragraph 164 as they

25   relate to the non-Answering Defendants.

26         165.    Paragraph 165 contains legal conclusions to which no answer is required.  To the

27   extent Paragraph 165 contains factual allegations, the Answering Defendants deny the factual

28   allegations contained in Paragraph 165 with regard to the Answering Defendants.  The Answering

Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 165 as they relate to the non-Answering Defendants.

166.    The Answering Defendants deny the factual allegations contained in Paragraph 166 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 166 as they relate to the non-Answering Defendants.

167.    The Answering Defendants deny the factual allegations contained in Paragraph 167 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 167 as they relate to the non-Answering Defendants.

168.    Paragraph 168 consists of statements of law and legal conclusions to which no answer is required.  To the extent Paragraph 168 contains factual allegations, the Answering Defendants deny them.

169.    Paragraph 169 contains legal conclusions to which no answer is required.  To the extent Paragraph 169 contains factual allegations, the Answering Defendants deny them.

170.    Paragraph 170 contains legal conclusions to which no answer is required.  To the extent Paragraph 170 contains factual allegations to which an answer is called for, the Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 170 as they relate to the non-Answering Defendants.  The Answering Defendants deny that they were the DDA delivery workers' employer, and, therefore, deny that they were required to maintain any records regarding their wages or hours worked.  The Answering Defendants deny the remaining factual allegations contained in Paragraph 170.

171.    The Answering Defendants deny they employed Plaintiff Krawcyzk, Plaintiff Estrada or any of the DDA delivery workers, deny that they were required to pay Plaintiff Krawcyzk, Plaintiff Estrada or any of the DDA delivery workers, and deny the remaining factual allegations contained in Paragraph 171 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 171 as they relate to the non-Answering Defendants.

172.    The Answering Defendants deny they employed Plaintiff Krawcyzk, deny that they were required to pay Plaintiff Krawcyzk, and admit that, because there was no employment relationship, they did not pay Plaintiff Krawcyzk.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, Plaintiff Krawcyzk's representations regarding the hours that he worked.  Except as expressly admitted, the Answering Defendants deny the allegations in Paragraph 172.

173.    The Answering Defendants deny they employed Plaintiff Estrada, deny that they were required to pay Plaintiff Estrada, and admit that, because there was no employment relationship, they did not pay Plaintiff Estrada.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, Plaintiff Estrada's representations regarding the hours that he worked.  Except as expressly admitted, the Answering Defendants deny the allegations in Paragraph 173.

### CONTINUATION OF BUSINESS ACTIVITIES IN 2013-16

173.    The Answering Defendants deny the allegations in Paragraph 173.[1]

174.    The Answering Defendants deny the factual allegations contained in Paragraph 174 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 174 as they relate to DDA.

175.    Paragraph 175 consists of legal conclusions to which no answer is required.  To the extent Paragraph 175 contains factual allegations, the Answering Defendants deny them.

### VII.    COLLECTIVE ACTION ALLEGATIONS

#### 2009-2012 Period

176.    Paragraph 176 contains legal conclusions to which no answer is required.  To the extent Paragraph 176 contains factual allegations to which an answer is called for, the Answering Defendants admit that Plaintiff Krawczyk filed this case as a putative collective action under the

---

[1] The SAC contains two paragraphs numbered "173."  The Answering Defendants respond to each as "Paragraph 173," in the order they appear in the SAC.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1  FLSA.  Except as expressly admitted, the Answering Defendants deny the allegations in
2  Paragraph 176.

3         177.  Paragraph 177 contains legal conclusions to which no answer is required.  To the
4  extent Paragraph 177 contains factual allegations, the Answering Defendants deny them.

5         178.  The Answering Defendants deny the allegations in Paragraph 178.

6         179.  Paragraph 179 contains legal conclusions to which no answer is required.  To the
7  extent Paragraph 179 contains factual allegations to which an answer is called for, the Answering
8  Defendants deny the factual allegations contained in Paragraph 179 with regard to the Answering
9  Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that
10  basis deny, the allegations in Paragraph 179 as they relate to the non-Answering Defendants.

11         180.  Paragraph 180 contains legal conclusions to which no answer is required.  To the
12  extent Paragraph 180 contains factual allegations, the Answering Defendants deny them.

13  **2013-2016 PERIOD**

14         181.  Paragraph 181 contains legal conclusions to which no answer is required.  To the
15  extent Paragraph 181 contains factual allegations to which an answer is called for, the Answering
16  Defendants admit that Plaintiffs Krawczyk and Estrada brought this case as a putative collective
17  action under the FLSA.  Except as expressly admitted, the Answering Defendants deny the
18  remaining allegations in Paragraph 181.

19         182.  Paragraph 182 contains legal conclusions to which no answer is required.  To the
20  extent Paragraph 182 contains factual allegations, the Answering Defendants deny them.

21         183.  Paragraph 183 contains legal conclusions to which no answer is required.  To the
22  extent Paragraph 183 contains factual allegations, the Answering Defendants deny the factual
23  allegations contained in Paragraph 183 with regard to the Answering Defendants.  The Answering
24  Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in
25  Paragraph 174 as they relate to the non-Answering Defendants.

26         184.  Paragraph 184 consists of legal conclusions to which no answer is required.  To
27  the extent Paragraph 184 contains factual allegations, the Answering Defendants deny them.

28

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

# VIII.   CLAIMS FOR RELIEF

## A.      FAIR LABOR STANDARDS ACT: 2009-2012

185.     Paragraph 185 incorporates by reference Paragraphs 31-175 and thus does not contain any factual allegations to which an answer is required.  To the extent an answer is called for, the Answering Defendants incorporate by reference their answers to Paragraphs 31-175, as set forth above.

186.     Paragraph 186 contains legal conclusions to which no answer is required.  To the extent Paragraph 186 contains factual allegations, the Answering Defendants admit that through this action Plaintiffs Krawczyk and Estrada seek to recover allegedly unpaid wages and overtime under the FLSA.  Except as expressly admitted, the Answering Defendants deny any remaining factual allegations in Paragraph 186.

187.     Paragraph 187 consists of legal conclusions to which no answer is required.  To the extent Paragraph 187 contains factual allegations, the Answering Defendants deny them.

188.     Paragraph 188 consists of legal conclusions to which no answer is required.  To the extent Paragraph 188 contains factual allegations, the Answering Defendants deny them.

189.     Paragraph 189 consists of legal conclusions to which no answer is required.  To the extent Paragraph 189 contains factual allegations, the Answering Defendants deny them.

190.     Paragraph 190 consists of legal conclusions to which no answer is required.  To the extent Paragraph 190 contains factual allegations, the Answering Defendants deny the factual allegations contained in Paragraph 190 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 190 as they relate to the non-Answering Defendants.

191.     Paragraph 191 contains legal conclusions to which no answer is required.  To the extent Paragraph 191 contains factual allegations, the Answering Defendants deny the factual allegations contained in Paragraph 191 with regard to the Answering Defendants.  The Answering Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in Paragraph 191 as they relate to the non-Answering Defendants.

1    192.    Paragraph 192 consists of legal conclusions to which no answer is required.  To

2    the extent Paragraph 192 contains factual allegations, the Answering Defendants deny them.

3    193.    Paragraph 193 consists of legal conclusions to which no answer is required.  To

4    the extent Paragraph 193 contains factual allegations, the Answering Defendants deny them.

5    194.    Paragraph 194 contains legal conclusions to which no answer is required.  To the

6    extent Paragraph 194 contains factual allegations, the Answering Defendants deny them.

7    195.    Paragraph 195 consists of legal conclusions to which no answer is required.  To

8    the extent Paragraph 195 contains factual allegations, the Answering Defendants deny them.

9    **B.    FAIR LABOR STANDARDS ACT: 2013-2016**

10    196.    Paragraph 196 incorporates by reference Paragraphs 31-175 and thus does not

11    contain any factual allegations to which an answer is required.  To the extent an answer is called

12    for, the Answering Defendants incorporate by reference their answers to Paragraphs 31-175, as

13    set forth above.

14    197.    Paragraph 197 contains legal conclusions to which no answer is required.  To

15    extent Paragraph 197 contains factual allegations, the Answering Defendants admit that through

16    this action Plaintiffs Krawczyk and Estrada seek to recover allegedly unpaid wages and overtime

17    under the FLSA.  Except as expressly admitted, the Answering Defendants deny any remaining

18    factual allegations in Paragraph 197 as they relate to the Answering Defendants and lack

19    sufficient information to admit or deny, and on that basis deny, them with regard to the non-

20    Answering Defendants.

21    198.    Paragraph 198 consists of legal conclusions to which no answer is required.  To

22    the extent Paragraph 198 contains factual allegations, the Answering Defendants deny the factual

23    allegations contained in Paragraph 198 with regard to the Answering Defendants.  The Answering

24    Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in

25    Paragraph 198 as they relate to the non-Answering Defendants.

26    199.    Paragraph 199 consists of legal conclusions to which no answer is required.  To

27    the extent Paragraph 199 contains factual allegations, the Answering Defendants deny them.

28

1    200.    Paragraph 200 consists of legal conclusions to which no answer is required.  To

2    the extent Paragraph 200 contains factual allegations, the Answering Defendants deny the factual

3    allegations contained in Paragraph 200 with regard to the Answering Defendants.  The Answering

4    Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in

5    Paragraph 200 as they relate to the non-Answering Defendants.

6    201.    Paragraph 201 consists of legal conclusions to which no answer is required.  To

7    the extent Paragraph 201 contains factual allegations, the Answering Defendants deny the factual

8    allegations contained in Paragraph 201 with regard to the Answering Defendants.  The Answering

9    Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in

10   Paragraph 201 as they relate to the non-Answering Defendants.

11   202.    Paragraph 202 contains legal conclusions to which no answer is required.  To

12   extent Paragraph 202 contains factual allegations, the Answering Defendants deny the factual

13   allegations contained in Paragraph 202 with regard to the Answering Defendants.  The Answering

14   Defendants lack sufficient information to admit or deny, and on that basis deny, the allegations in

15   Paragraph 202 as they relate to the non-Answering Defendants.

16   203.    Paragraph 203 consists of legal conclusions to which no answer is required.  To

17   the extent Paragraph 203 contains factual allegations, the Answering Defendants deny them.

18   204.    Paragraph 204 consists of legal conclusions to which no answer is required.  To

19   the extent Paragraph 204 contains factual allegations, the Answering Defendants deny them.

20   205.    Paragraph 205 contains legal conclusions to which no answer is required.  To the

21   extent Paragraph 205 contains factual allegations, the Answering Defendants deny them.

22   206.    Paragraph 206 consists of legal conclusions to which no answer is required.  To

23   the extent Paragraph 206 contains factual allegations, the Answering Defendants deny them.

24   ## IX.   PRAYER

25   207.    The Answering Defendants deny that Plaintiffs are entitled to any of the relief

26   requested in Paragraph 207.  The Answering Defendants further deny that Plaintiffs are entitled to

27   any relief whatsoever from the Answering Defendants.

28

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

## X.    JURY DEMAND

208.    The Answering Defendants admit that Plaintiffs demand a trial by jury.  The Answering Defendants demand a trial by jury of all issues which are subject to adjudication by a trier of fact.

## DEFENSES

The Answering Defendants deny all allegations not expressly admitted above.  Discovery and investigation may reveal that one or more of the following additional defenses[2] should be available to the Answering Defendants in this matter.  The Answering Defendants accordingly reserve the right to assert these additional defenses.  Upon completion of discovery, if the facts warrant, the Answering Defendants may withdraw any of these defenses as may be appropriate. The Answering Defendants further reserve the right to amend their Answer and defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of additional defense, the Answering Defendants state as follows:

### First Defense:  Improper Party

As a First Defense to the SAC and to each claim for relief therein, the Answering Defendants assert that they are not proper parties to this action as they never employed Plaintiffs or any member of the putative collective action.

### Second Defense:  Standing

As a Second Defense to the SAC and to each claim for relief therein, the Answering Defendants contend that Plaintiffs and/or the members of the putative collective action lack standing to assert the legal rights or interests of themselves or others.

### Third Defense:  Not "Similarly Situated"

As a Third Defense to the SAC and to each claim for relief therein, the Answering Defendants assert that Plaintiffs and/or the members of the putative collective action cannot

---

[2] By asserting these defenses, the Answering Defendants are not admitting that they carry the burden of proof on any of the defenses.

DEFENDANTS AT&T CORP. AND AT&T SERVICES, INC.'S ANSWER TO SECOND AMENDED COLLECTIVE ACTION COMPLAINT CASE NO. 3:16-CV-02531-VC

1  satisfy the requirements for a collective action, including, but not limited to the requirement that

2  all class members be "similarly situated."

3  **Fourth Defense:  Failure to Join a Necessary Party**

4      As a Fourth Defense to the SAC and to each cause of action therein, the Answering

5  Defendants assert that the claims of Plaintiffs and/or the members of the putative collective action

6  are barred in whole or in part because Plaintiffs failed to join a necessary party.

7  **Fifth Defense:  Statute of Limitations**

8      As a Fifth Defense to the SAC and to each cause of action therein, the Answering

9  Defendants assert that the claims of Plaintiffs and/or the members of the putative collective action

10  are barred in whole or in part by the applicable statute of limitations, 29 U.S.C. § 255(a).

11  **Sixth Defense:  Laches**

12      As a Sixth Defense to the SAC and to each claim for relief therein, the Answering

13  Defendants assert that Plaintiffs have unreasonably delayed bringing this action to the prejudice

14  of the Answering Defendants, and therefore Plaintiffs' SAC and each claim for relief therein is

15  barred by the doctrine of laches.

16  **Seventh Defense:  Lack of Knowledge of Hours Worked**

17      As a Seventh Defense to the SAC and to each claim for relief therein, the Answering

18  Defendants assert that they lacked constructive or actual knowledge of the hours worked by

19  Plaintiffs and/or the members of the putative collective action.

20  **Eighth Defense:  Plaintiffs Proximately Caused Any Damages**

21      As an Eighth Defense to the SAC and to each claim for relief therein, the Answering

22  Defendants assert that, should it be determined that Plaintiffs and/or the members of the putative

23  collective action have been damaged, said damages were proximately caused by their own

24  conduct because, among other things, they falsely recorded the number of hours worked.

25  **Ninth Defense:  Non-Compensable Time**

26      As a Ninth Defense to the SAC and to each claim for relief therein, the Answering

27  Defendants assert that the work activities allegedly performed by Plaintiffs for which they

28  demand compensation are not compensable.

1

**Tenth Defense:  *De Minimis* Time**

2        As a Tenth Defense to the SAC and to each claim for relief therein, the Answering

3   Defendants assert that the work activities allegedly performed by Plaintiffs for which they

4   demand compensation are *de minimis* and Plaintiffs and any putative collective action members

5   are not entitled to compensation for such activities.

6

**Eleventh Defense:  Good Faith**

7        As an Eleventh Defense to the SAC and to each claim for relief therein, the Answering

8   Defendants assert that Plaintiffs and/or the members of the putative collective action are not

9   entitled to recovery, including recovery of liquidated damages, because the Answering

10  Defendants' actions were taken in good faith and with reasonable grounds to believe such

11  conduct comported with the FLSA.

12

**Twelfth Defense:  Claim Preclusion**

13        As a Twelfth Defense to the SAC and to each claim for relief therein, the Answering

14  Defendants assert that Plaintiffs' and/or the putative class members' recovery in this action is

15  barred in whole or in part by the doctrine of claim preclusion.

16

**Thirteenth Defense:  Issue Preclusion**

17        As a Thirteenth Defense to the SAC and to each claim for relief therein, the Answering

18  Defendants assert that Plaintiffs' and/or the putative class members' recovery in this action is

19  barred in whole or in part by the doctrine of issue preclusion.

20

**Fourteenth Defense:  Failure to Mitigate**

21        As a Fourteenth Defense to the SAC and to each claim for relief therein, the Answering

22  Defendants assert that Plaintiffs' and/or the putative class members' recovery in this action is

23  barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate

24  damages allegedly accruing to them.

25

**Fifteenth Defense:  Estoppel**

26        As a Fifteenth Defense to the SAC and to each claim for relief therein, the Answering

27  Defendants assert that Plaintiffs and/or the members of the putative collective action, by their acts

28  or omissions, are estopped from asserting any claims upon which they now seek relief.

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

1

**Sixteenth Defense:  Exhaustion**

2      As a Sixteenth Defense to the SAC and to each claim for relief therein, the Answering

3 Defendants assert that Plaintiffs and/or the members of the putative collective action have failed

4 to exhaust their administrative, statutory, and/or contractual remedies.

5

**Seventeenth Defense:  Payment / Setoff / Accord and Satisfaction**

6      As a Seventeenth Defense to the SAC and to each claim for relief therein, the Answering

7 Defendants assert that Plaintiffs' and/or the putative class members' recovery in this action is

8 barred in whole or in part by payment, setoff and/or accord and satisfaction.

9

**Eighteenth Defense:  Unclean Hands / *In Pari Delicto***

10      As an Eighteenth Defense to the SAC and to each claim for relief therein, the Answering

11 Defendants assert that Plaintiffs' and/or the putative class members' recovery in this action is

12 barred in whole or in part by their own unclean hands and by the doctrine of *in pari delicto*.

13

**Nineteenth Defense:  Attorneys' Fees**

14      As a consequence of Plaintiffs bringing or maintaining this action the Answering

15 Defendants have been required to retain attorneys to defend themselves, and the Answering

16 Defendants are entitled to recover their attorneys' fees incurred herein.

17

**Twentieth Defense:  Due Process**

18      The SAC, to the extent it seeks penalties or restitution on behalf of absent class members

19 or the general public, violates the due process clause as provided in the Fifth and Fourteenth

20 Amendments of the United States Constitution and in the California Constitution.

21

**Twenty-first Defense:  Misrepresentation**

22      The Answering Defendants are informed and believe, and on that basis allege that

23 Plaintiffs' SAC is barred, in whole or in part, by misrepresentations made by Plaintiffs.

24

25      WHEREFORE, Defendant prays as follows:

        1.   That the SAC be dismissed in its entirety;

26

        2.   That this matter not be certified by the Court as a collective or class action;

27

        3.   That Plaintiffs' requests for monetary relief be denied in their entirety;

28

DEFENDANTS AT&T CORP. AND AT&T
SERVICES, INC.'S ANSWER TO SECOND
AMENDED COLLECTIVE ACTION COMPLAINT
CASE NO. 3:16-CV-02531-VC

4.  That Plaintiffs take nothing by reason of their SAC and that judgment be rendered in favor of the Answering Defendants;

5.  That the Answering Defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

6.  For such other and further relief as this Court deems just and proper.

Dated:  January 6, 2017                         ORRICK HERRINGTON & SUTCLIFFE LLP


                                                By:        /s/ *Julie A. Totten*
                                                _____
                                                      JULIE A. TOTTEN
                                                Attorneys for Defendants AT&T Corp. and
                                                      AT&T Services, Inc.

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the

3  Local Rules of the United States District Court for the Northern District of California, Defendants

4  AT&T Corp. and AT&T Services, Inc. hereby demand a trial by jury on this action.

5

6  Dated:  January 6, 2017                    ORRICK HERRINGTON & SUTCLIFFE LLP

7

8                                             By:        /s/ *Julie A. Totten*
                                              _____
9                                                      JULIE A. TOTTEN
                                                Attorneys for Defendants AT&T Corp. and
10                                                      AT&T Services, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28